UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 AUG -4 P 12:50

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| GREGORY CELKO,<br>　　　Plaintiff<br><br>v.<br><br>DAEWOO HEAVY INDUSTRIES<br>AMERICA CORP.,<br>　　　Defendant | CIVIL ACTION NO.: _____<br><br>**04-40150** FDS |

## COMPLAINT

1.  Plaintiff Gregory Celko is a natural person who resides in Dudley, Massachusetts.

2.  Defendant Daewoo Heavy Industries America Corp. ("DHIA") is a duly-organized corporate person with a regular place of business at 2905 Shawnee Industrial Way, Suwanee, Georgia 30024.

3.  The plaintiff and defendant are parties to a companion action arising from the same accident and transactions filed in this division of the U.S. District Court, District of Massachusetts, docket number 03-CV-40029-FDS, which was removed to this Court. Plaintiff contends that these matters are appropriate for consolidation pursuant to Fed. R. Civ. P. 42.

4.  Jurisdiction and venue in this action are appropriate, pursuant to 28 USC §§1332, 1391.

5.  Defendant DHIA is engaged in trade or commerce and caused tortious injury to plaintiff Gregory Celko by negligently supplying into Massachusetts unreasonably dangerous, defective, and unsafe goods, without warnings, that breached applicable implied and/or express warranties pursuant to common law and Mass. Gen. L. ch. 106, §§2-313, 2-314, and/or 2-315.

RECEIPT # 404380
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. JJones
DATE 8-4-04

6. Said breaches constitute a violation of Mass. Gen. L. ch. 93A, §§2, 9 and 940 CMR 3.01 (attorney general's regulation provides that "it shall be an unfair and/or deceptive act or practice to fail to perform or fulfill any promise or obligation under a warranty").[1]

7. Defendant DHIA breached its common law and statutory warranties and duties to plaintiff and directly caused him severe and permanent personal injury, impairment to bodily function and earning capacity, scarring, and great pain of body and mind.

8. Among other breaches, Defendant DHIA negligently supplied a product that breached warranties by virtue of, inter alia, improper design, manufacture and/or assembly including, but not limited to the hydraulics and components; failure to incorporate feasible, inexpensive alternative designs or safety features to prevent injury upon loss of hydraulic power; and the failure to warn those foreseeably endangered by the design and/or about the absence of safety features or about latent dangers inherent in the product.

9. The aforementioned conduct and/or breaches of warranties constitute actionable unfair or deceptive acts or practices by Defendant DHIA, pursuant to Mass. Gen. L. ch. 93A, §§2, 9 and 940 CMR 3.01..

10. Said violations of Mass. Gen. L. ch. 93A by defendant were willful or knowing.

11. Plaintiff Gregory Celko was injured as a direct and proximate result of the warranty breaches and unfair or deceptive acts or practices by Defendant DHIA, entitling plaintiff to damages, doubled or trebled, plus attorneys' fees, costs and expenses.

12. On June 15, 2004, Plaintiff Gregory Celko complied fully with the statutory prerequisites, if any,[2] to bringing this action by sending a written demand for relief to Defendant

---

[1] See, e.g., Maillet v. ATF-Davidson, 407 Mass. 185 (1990).
[2] Of course, the written demand requirements may not apply to foreign defendants such as DHIA which do not maintain a place of business or keep assets in the Commonwealth. Mass. Gen. L. ch. 93A, §9(3).

2

DHIA in accordance with Mass. Gen. L. ch. 93A, §9(3). Attached as Exhibit A is plaintiff's written demand for relief.

13. Attached as Exhibit B is Defendant DHIA's response.

14. The unreasonable refusal by Defendant DHIA to grant relief upon demand is a separate violation of Mass. Gen. L. ch. 93A, §9(3), thereby entitling plaintiff to an award of damages, doubled or trebled, plus attorneys' fees, costs, and expenses.

15. Plaintiff Gregory Celko hereby respectfully requests judgment in his favor and against DHIA for all injury, harm, and damages recoverable in this action and the companion action and/or recognized by the applicable laws, plus double or treble damages, attorneys' fees, expenses, and costs, plus prejudgment and post judgment interest.

WHEREFORE, Plaintiff requests judgment in his favor and an award of damages, multiple damages, attorneys' fees, costs, interest and all other relief that this Court deems just.

Plaintiff,
GREGORY CELKO
By his Attorneys,

Kevin G. Kenneally, BBO No. 550050
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: 8/2/04
00850996.DOC

3



# DONOVAN HATEM LLP
### COUNSELORS AT LAW

| | | | | |
|---|---|---|---|---|
| Jeffrey L. Alitz<br>Andrew P. Botti<br>Paul G. Boylan<br>John F. Bradley, II<br>John A. Donovan, Jr.<br>Michael P. Giunta<br>Edward P. Gonzales<br>Maura A. Greene<br>Jay S. Gregory<br>Stephen P. Griffin<br>A. Neil Hartzell<br>David J. Hatem, PC<br>Alan D. Hoch<br>Warren D. Hutchison<br>Kevin G. Kenneally<br>Damian R. Laplaca<br>Darrell Mook<br>Nancy M. Reimer<br>Cory B. Schauer | Neil R. Schauer<br>James K. Schwartz<br>Moss M. Sidell, P.C.<br>Traver Clinton Smith, Jr.<br>Kenneth B. Walton<br>Cheryl A. Waterhouse<br>Michael B. Weinberg<br>Edward C. White<br>David L. Woronov<br><br>Of Counsel:<br>David H. Corkum<br>David M. Thomas | TWO SEAPORT LANE<br>BOSTON, MASSACHUSETTS 02210<br><br>TELEPHONE: 617-406-4500<br>FACSIMILE: 617-406-4501<br>www.dhboston.com<br><br>**KEVIN G. KENNEALLY**<br>DIRECT DIAL: 617-406-4528<br>E-MAIL: kkenneally@dhboston.com<br><br>June 15, 2004 | Brian R. Beaton<br>Colin M. Black<br>Nicole Castagna<br>Matthew T. Connolly<br>Obadiah G. English<br>Carly B. Goldstein<br>Jeffrey W. Hallahan<br>Maureen P. Hogan<br>Lee McHarg Holland<br>Michael J. Horvath<br>Donna M. Hunt<br>Stefan L. Jouret<br>Douglas M. Kalata<br>Devorah A. Levine<br>Anna F. Meschansky<br>Mobina F. Mohsin<br>Jessica L. Mooney<br>Matthew M. O'Leary<br>Nicholas A. Ogden | Melanie A. Olson<br>Janet B. Pezzulich<br>Rita E. Roach<br>Michael P. Roche<br>Mary Rosenfeld<br>Christian G. Samito<br>*Marc Saroufim<br>Deborah F. Schwartz<br>Benjamin R. Sigel<br>Peter P. Tobani<br>Elise S. Wald<br>Sarah K. Willey<br>Michael D. Williams<br>Amanda Yun<br><br>*Admission Pending |

<u>**Via Certified Mail/Return Receipt Requested**</u>
Christopher P. Flanagan, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
155 Federal Street
Boston, MA 02110

    Re:    <u>Celko v. Daewoo and NationsRent</u>
            <u>Civil Action No. 03-40029-NMG</u>

Dear Mr. Flanagan:

    Kindly accept this letter as a written demand for relief in behalf of Gregory Celko, pursuant to Massachusetts General Laws, Chapter 93A, §§2 and 9, directed to Daewoo Heavy Industries America Corporation ("Daewoo"). I have addressed this letter to you because your firm represents Daewoo in ongoing litigation involving Mr. Celko in the United States District Court, District of Massachusetts, C.A. No. 03-40029-NMG. To the extent you or Daewoo contend that counsel is not the appropriate recipient of this Chapter 93A demand or if there is any claimed insufficiency in form or substance concerning the demand for relief, kindly inform us at once in writing and we will address the demand to the appropriate person at Daewoo.

I.    <u>BACKGROUND</u>

    As you know from your representation of Daewoo in C.A. No. 00-40029-NMG, Gregory Celko suffered severe physical injury on October 26, 2000, while employed as a laborer at a construction site in Shrewsbury, Massachusetts.

    Mr. Celko was 36 years old at the time and was working adjacent to an excavator identified as a 290 LC-V (or S290-5), Serial #840, designed, manufactured, and/or sold by Daewoo Heavy Industries America Corporation and/or its related companies. On October 26,

*Exhibit "A"*

# DONOVAN HATEM LLP
COUNSELORS AT LAW

Christopher P. Flanagan, Esq.
June 15, 2004
Page 2

2000, suddenly and without warning, a hydraulic main line hose broke loose. The bucket and arm thereby lost power, free-falling, and were caused to strike Mr. Celko, imparting serious and permanent injury. We understand that Daewoo has investigated the claim and has engaged in at least preliminary discovery. It is beyond dispute that Mr. Celko did not cause or in any way contribute to the accident or product failure and he had no prior warning of the hazard.

## II. INJURIES AND DAMAGES

As a result of the hydraulic line failure on the excavator, Mr. Celko suffered head, face, broken teeth injuries, bruises all over as well as an awful open entry wound into his left axilla, injuring his left upper thorax and chest. He also sustained a severe displaced fracture of the left clavicle. Mr. Celko was taken by emergency personnel to University of Massachusetts Medical Center, where he was treated in the emergency room. X-rays were performed and revealed a markedly displaced fracture of the clavicle and he had symptoms of parathesias and dysesthesias in his right hand.

Mr. Celko required immediate surgery, which was complex due to the open wound on the left chest and the needed orthopedic surgery for the clavicle injury was not undertaken at that time, which led to severe pain and non-union of the clavicle. Despite conservative care and therapy, the shoulder could not heal and a second surgery, an open reduction and internal fixation of the left clavicle, was performed in February of 2001. A third surgery was needed when Mr. Celko was engaging in his prescribed physical therapy for range of motion and was found to have sustained a fracture of the plate device inserted to maintain union. The third operation, a left iliac crest bone graft and open reduction internal fixation, was performed on May 17, 2001 at U.Mass. Memorial Medical Center by Dr. Thomas Breen. He has had several additional procedures and prescribed therapy. I enclose additional copies of the medical records for your ready reference.

## III. SPECIAL DAMAGES

Mr. Celko's injuries caused by Daewoo are permanent and partially disabling. He was unable to return to work as a laborer for a lengthy period due to residual problems with his shoulder. He has recently been able to work as a welder, but at a lower hourly wage and he currently seeks paid overtime to make up the wage shortfall.

Mr. Celko was completely disabled from October 26, 2000 through May 21, 2003, when he was able to begin welding. His lost earnings through that date are approximately $108,000. He also has a claim for diminished future earnings going forward. Mr. Celko's medical expenses are in excess of $59,000. I believe you obtained the medical bills and records prior to this date. He also has sustained severely disfiguring scarring as a result of the product failure.

DONOVAN HATEM LLP
COUNSELORS AT LAW

Christopher P. Flanagan, Esq.
June 15, 2004
Page 3

### IV. LIABILITY

The trial evidence more than likely will establish that Daewoo was aware that hydraulic components can foreseeably fail while excavators are in use. The design of the Daewoo 290 LC-V, however, did not contain feasible available failsafe devices, such as holding valves, to prevent the arm and bucket from free-falling onto unaware workers below, such as Mr. Celko. The failure to incorporate inexpensive alternative features renders the product unreasonably dangerous, defective in design, and in breach of warranty under Massachusetts law. *Back v. Wickes Corp.*, 375 Mass. 633 (1978). We are interested to determine in discovery whether Daewoo considered but rejected these feasible features which are used on all types of hydraulic equipment. Even if Daewoo has some putative excuse for its failure to incorporate the free-fall prevention design, Daewoo's failure to fully and adequately warn and instruct users of this hazard separately renders the excavator defective and Daewoo in breach of the continuing duty to warn. See, e.g., *Schaeffer v. General Motors Corp.*, 372 Mass. 171 (1977); *Yates v. Norton Co.*, 403 Mass. 70 (1988); *Vassallo v. Baxter Health Care*, 428 Mass. 1 (1998).

In addition, preliminary discovery obtained from NationsRent indicates that Daewoo personnel were aware of hydraulic hose and main line problems on this and other excavators. Admissible evidence about these component failures has already been obtained and we fully expect that discovery either in C.A. No. 00-40029-NMG or the Chapter 93A action to follow (if necessary) will uncover the scope of Daewoo's knowledge about product complaints and hydraulics failures.

Daewoo is liable to Mr. Celko as the designer, manufacturer, and/or seller of an unreasonably dangerous and defective product, pursuant to Mass. Gen. L. ch. 106, §§2-314, 2-315. Moreover, a manufacturer or seller is liable in negligence as well as warranty for design defect, manufacturing defect, or negligent installation, which leads to "crimping" of a hydraulic component that causes the product to fail, free-fall, and crush a person foreseeably working near the construction equipment. Even at this early stage of the litigation, liability under one or more of the above theories is clear against Daewoo. We expect that additional discovery will establish that Daewoo became aware of its liability soon after the horrific accident. Of course, such awareness triggers statutory duties to resolve this claim with the injured worker. See, *Parker v. D'Avolio*, 40 Mass. App. Ct. 394 (1996) (failure to engage in settlement can subject defendant to 93A liability).

### V. CHAPTER 93A LIABILITY

It is by now axiomatic that the negligence and breaches of warranty by an industrial product manufacturer also renders the manufacturer liable to an injured worker under Chapter

# DONOVAN HATEM LLP
### COUNSELORS AT LAW

Christopher P. Flanagan, Esq.
June 15, 2004
Page 4

93A, permitting the claimant to recover damages, multiple damages, and fees. See, e.g., *Maillet v. ATF-Davidson Co.*, 407 Mass. 185 (1990); 940 C.M.R. §3.01 (attorney general's regulation providing that "it shall be an unfair and deceptive act or practice to fail to perform or fulfill any promises or obligations under a warranty"). Chapter 93A also separately requires the manufacturer of an injury-causing product to promptly resolve and settle the claim. Mass. Gen. L. ch. 93A, §9(3). Despite reasonable and good faith effort by co-counsel for Mr. Celko, Daewoo has failed and refused to extend any settlement offer. The evidence at trial likely will establish not only that Daewoo's conduct caused the defective product to injure Mr. Celko, but that Daewoo was aware of the hydraulic problem before the injury. Daewoo's underlying conduct in the product liability action likely will be adjudged willful and knowing, which permits the recovery by Mr. Celko of multiple damages, plus costs and attorneys' fees. *Polycarbon Indus. Inc. v. Advantage Eng'g Inc.*, 260 F. Supp.2d 296 (D.Mass. 2003).

Moreover, the separate willful refusal to resolve this claim during the three and one-half years that have elapsed since the accident doubtless is yet another violation of Chapter 93A, and a further basis for imposition of multiple damages. The Act provides

> if the court finds for the petitioner, recovery shall be in the amount of actual damages [plus] up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation of said section two <u>or that the refusal to grant relief upon demand was made in bad faith with knowledge or reason to know</u> that the act or practice complained of violated said section two.

Mass. Gen. L. Chapter 93A, §9(3). See, *Calimlin v. Foreign Car Ctr.*, 392 Mass. 228 (1984) (flat refusal to settle claim was a violation of 93A).

## VI. DEMAND FOR RELIEF

Daewoo continues to have a statutory obligation under Chapter 93A to promptly resolve this matter at this juncture. Liability is reasonably clear and admissible testimony will establish that Daewoo improperly designed or manufactured the product, engaged in faulty installation of hoses, and was or should have been aware of the manufacturing defect and breach of warranty. Certainly Daewoo, now held to the standard of an "expert," was aware of the dangers of hydraulic failure and was obligated to design out the free-fall danger and/or adequately and fully warn users. *Vassallo*, *supra*. Additional discovery is expected to amplify the level of Daewoo's knowledge and will establish bad faith in Daewoo's refusal to resolve this action beginning quite soon after the October 26, 2000 event and continuing.

DONOVAN HATEM LLP
COUNSELORS AT LAW

Christopher P. Flanagan, Esq.
June 15, 2004
Page 5

     A reasonable verdict value for these permanent injuries exceeds $1,000,000, based upon the medical expenses, lost and diminished earnings, scarring, and permanent pain, impairment, and disfigurement that Mr. Celko will bear for the remainder of his life. The Life Tables published by the U.S. government estimate that Mr. Celko's expected life span is more than 38 additional years. Of course, the failure to settle this matter within the next thirty days, as required by Chapter 93A, may lead to doubling or trebling of the verdict, plus an award of all attorneys' fees, costs, plus interest. Obviously, the costs and effort that we expect will be necessary to conduct discovery and engage in the full course of litigation against this huge international industrial conglomerate will not be insubstantial, perhaps in the several hundreds of thousands of dollars. We expect to seek and recover all such fees, expenses, and costs, if this action is not promptly resolved.

     In order to fully and fairly resolve this matter at once and without further litigation, and in the spirit of compromise, we hereby demand settlement in the amount of $985,000, which is substantially less than a fair verdict value with the costs, expenses, and attorneys' fees that will be recoverable. Of course, we will provide customary and appropriate agreed-upon releases upon settlement. This demand is open for the full 30-day period contemplated under Chapter 93A, at which time the demand shall lapse. Thereafter, we expect to commence an action under Chapter 93A seeking multiple damages, attorneys' fees, costs and interest.

     Please contact me with any questions and let me know if this demand is required to be sent to another representative of Daewoo.

     Thank you for your prompt attention to this matter.

Very truly yours,

*[signature]*

Kevin G. Kenneally

KGK/caf
00838557.DOC
cc:    Thomas B. Farrey, III, Esq.
       Stephen J. Brown, Esq.



# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

155 Federal Street, Boston, Massachusetts 02110    Tel: (617) 422-5300    Fax: (617) 423-6917

New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago • White Plains, NY
Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • McLean, VA • Stamford • London
Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich

www.wemed.com

**Christopher P. Flanagan**
Writer's Ext.: 5406
FlanaganC@wemed.com

July 15, 2004

**BY HAND**

Kevin G. Kenneally, Esq.
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210

Re:   **Celko v. DHIA and NationsRent**
      **U.S. District Court, C.A. No. 03-40029-NMG**

Dear Mr. Kenneally:

This correspondence is an acknowledgement of the receipt of your letter dated June 15, 2004, which asserts violations of M.G.L. c. 93A against our client, Daewoo Heavy Industries America Corporation ("DHIA").

The acknowledgement of your letter and this response should not be construed as recognition of the demand letter as proper under M.G.L. c. 93A. DHIA contests the adequacy of the letter as a sufficient and proper demand under M.G.L. c. 93A. This response is also being made without prejudice to DHIA's right to contest the accuracy of the demand letter. Furthermore, we reserve the right to exclude this letter as well as any other communications between you and my office or client at any trial or evidentiary hearing.

Contrary to your assertions, DHIA's actions and/or conduct were neither unfair nor deceptive. DHIA denies that it violated any provision of Chapter 93A and that liability is clear in this case, for reasons including, but not necessarily limited, to those set forth below. DHIA expressly reserves the right to address all other allegations against it at the appropriate time.

DHIA denies that it is liable for the alleged violations of Chapter 93A. The subject excavator was neither defective nor unreasonably dangerous as designed, manufactured and sold. The excavator was designed and manufactured in accordance with industry standards and regulations. Moreover, the lack of a "failsafe device" to prevent the arm and bucket of the excavator from falling did not render the excavator defective and unreasonably dangerous. Additionally, holding or locking valves were an available option to the purchaser of the subject excavator, through DHIA or hydraulic vendors, but evidently not purchased. The purchaser of the excavator was a sophisticated purchaser of construction equipment, it was aware of this option and chose not to purchase it or have it installed. Furthermore, assuming the excavator

27719.1

Exhibit "B"

Page 2

was defective, which DHIA denies, there was no continuing duty to warn NationsRent, a remote purchaser of the excavator. See Lewis v. Ariens Co., 434 Mass. 643, 646-650 (2001).

There is absolutely no evidence of any manufacturing defect concerning the installation of any hydraulic components on the subject excavator, including, but not limited to, the subject hose. In fact, through no fault of DHIA, the hydraulic hose that was alleged to have failed in this accident is missing, depriving the parties of the opportunity to fully inspect and potentially test the hose, and determine the actual cause of the accident. As a consequence, the cause of this accident cannot be established, and DHIA, therefore, cannot be liable under Chapter 93A.

Finally, while you claim that your settlement demand is "substantially less than a fair verdict value" in this case, you fail to explain why your settlement demand is substantially more than the original settlement demand made by your co-counsel at the time of the scheduling conference. In fact, the present settlement demand is more than twice the original demand. We are unaware of any reason or justification for the significant increase in demand. Quite frankly, this arbitrary increase in demand causes us to question the legitimacy of the demand.

Clearly, based on the above response, your demand letter does not contain any evidence to support your claims of violations of Chapter 93A against DHIA. Additionally, in no way can DHIA's actions and/or conduct be construed as a willful and knowing violation of the statute, which is required to double or treble any damages awarded pursuant to Chapter 93A.

As there is no evidence that the excavator was defective and unreasonably dangerous, that DHIA was engaged in unfair or deceptive acts or practices, and there is a serious lack of information concerning the cause of the accident, we must decline to make a voluntary settlement offer in response to your demand for relief.

The foregoing does not constitute nor should it be considered a waiver or relinquishment by DHIA of any and all defenses and rights available to it under the applicable laws and statutes. The foregoing in no way restricts or limits DHIA from relying upon and/or asserting other facts or grounds that are or may become available to it.

Very truly yours,

Christopher P. Flanagan

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
27719.1



# DONOVAN | HATEM LLP
*counselors at law*

**KEVIN G. KENNEALLY**
617 406 4528 direct
kkenneally@donovanhatem.com

July 30, 2004

Christopher P. Flanagan, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
155 Federal Street
Boston, MA 02110

Re: **Celko v. Daewoo and NationsRent**
<u>**Civil Action No. 03-40029-NMG**</u>

Dear Chris:

     Kindly advise in writing if you contend that the demand letter should have been addressed to someone other than counsel of record. As set out in my June 15th letter and as we discussed on the phone, I do not want to communicate directly with a party represented by counsel and I asked your direction on this matter.

Very truly yours,

*[signature]*

Kevin G. Kenneally

KGK/caf
00851107.DOC

World Trade Center East | 617 406 4500 main
Two Seaport Lane | 617 406 4501 fax
Boston, MA 02210 | www.donovanhatem.com

*Exhibit "C"*

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

04-40150

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GREGORY CELKO

### DEFENDANTS
DAEWOO HEAVY INDUSTRIES AMERICA CORP.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Worcester County, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Gwinnet County, GA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kevin G. Kenneally
Donovan Hatem LLP
Two Seaport Lane, Boston, MA 02210
617-406-4500

ATTORNEYS (IF KNOWN)
Christopher P. Flanagan
Wilson, Elso, Moskowitz, Edelman & Dickes LLP
155 Federal Street, Boston, MA 02110
617-422-5500

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
This case is filed under 28 U.S.C. Section 1332. The cause of action is defendant's violation of Massachusetts General Laws c. 93A, Sections 2, 9 through unfair and deceptive acts including breaches of product warranties, negligence, failure to warn, and failure to grant relief upon demand.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE F. Dennis Saylor, IV   DOCKET NUMBER 03-CV-40029

DATE 8/2/04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

04-40150

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   GREGORY CELKO V. DAEWOO HEAVY INDUSTRIES AMERICA CORP.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   Gregory Celko v. Daewoo Heavy Industries America Corp., 03-CV-40029-FDS

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                    YES ☐     NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                                    YES ☐     NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                    YES ☐     NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                                    YES ☐     NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                                    YES ☒     NO ☐

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION ☐      CENTRAL DIVISION ☒      WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION ☐      CENTRAL DIVISION ☐      WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Kevin G. Kenneally
ADDRESS    Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210
TELEPHONE NO.    617-406-4500

(Cover sheet local.wpd - 11/27/00)