UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

GREGORY CELKO,
       Plaintiff,

v.

DAEWOO HEAVY INDUSTRIES AMERICA
CORPORATION,
       Defendant

CIVIL ACTION NO.: 04-40150-FDS

**ANSWER AND JURY DEMAND OF DEFENDANT, DAEWOO
HEAVY INDUSTRIES AMERICA CORPORATION**

Now comes the defendant, Daewoo Heavy Industries America Corporation, and hereby responds to the plaintiff's Complaint as follows, denying all factual allegations not specifically admitted:

1. The defendant lacks sufficient information with which to admit or deny the truth of the allegations contained in paragraph 1 of the plaintiff's Complaint, and calls upon the plaintiff to prove the same.

2. The defendant admits the allegations contained in paragraph 2 of the plaintiff's Complaint.

3. The defendant admits the allegations contained in paragraph 3 of the plaintiff's Complaint.

4. The defendant need neither admit nor deny the allegations contained in Paragraph 4 of the plaintiff's Complaint as such allegations are legal conclusions.

5. The defendant denies the allegations contained in Paragraph 5 of the plaintiff's Complaint.

6. The defendant denies the allegations contained in Paragraph 6 of the plaintiff's Complaint.

7. The defendant denies the allegations contained in Paragraph 7 of the plaintiff's Complaint.

8. The defendant denies the allegations contained in Paragraph 8 of the plaintiff's Complaint.

9. The defendant denies the allegations contained in Paragraph 9 of the plaintiff's Complaint.

10. The defendant denies the allegations contained in Paragraph 10 of the plaintiff's Complaint.

11. The defendant denies the allegations contained in Paragraph 11 of the plaintiff's Complaint.

12. The defendant denies the allegations contained in Paragraph 12 of the plaintiff's Complaint.

13. The defendant admits the allegations contained in Paragraph 13 of the plaintiff's Complaint.

14. The defendant denies the allegations contained in Paragraph 14 of the plaintiff's Complaint.

15. The defendant declines to respond to paragraph 15 of the Complaint, as it does not contain any allegations directed to the defendant and, therefore, a response is not required. To the extent that a response is deemed required, the defendant denies the allegations contained in paragraph 15 of the Complaint.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

And further answering, the defendant states that the acts complained of were not committed by a person for whose conduct the defendant was legally responsible.

THIRD AFFIRMATIVE DEFENSE

And further answering, the defendant states that no notice of the alleged breach of warranties was given to the defendant as required by law, and the defendant was thereby prejudiced.

FOURTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that it has performed and fulfilled all promises and obligations arising under all applicable warranties of merchantability, and therefore, the plaintiff is barred from recovery.

FIFTH AFFIRMATIVE DEFENSE

And further answering, the defendant denies liability for any implied warranty of merchantability, since any product sold by the defendant was fit for the ordinary purpose for which such product was used.

SIXTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that any product sold was fit for its particular purpose, and therefore, the plaintiff is barred from recovery.

1689562.1

SEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that to the extent the plaintiff suffered any damages, the damages were the result of a superseding and/or intervening cause for which the defendant is not responsible.

EIGHTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that if the plaintiff proves that the defendant was at fault as alleged, the plaintiff was at fault to a greater degree than the defendant, and is barred from recovery.

NINTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's recovery, if any, must be diminished by the proportion of fault, which is applicable to the plaintiff.

TENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff has failed to comply with the demand requirements of Mass. Gen. Laws Chapter 93A, § 9, and therefore, the plaintiff is barred from recovery.

ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's claim for violation of Mass. Gen. Laws Chapter 93A is barred as any injury or damage was not caused by any alleged unfair deceptive act or practice.

TWELFTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's claim is barred due to his failure to mitigate his damages.

THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiff's claim for exemplary damages under Massachusetts law, without bifurcating the trial and trying all exemplary damages issues only if and after liability on the merits has been found, would violate the defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Massachusetts Constitution and would be improper under the common law and public policies of the Commonwealth of Massachusetts and under applicable court rules and statutes.

FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that each claim for exemplary damages violates the Due Process Clause of the Fifth Amendment of the Constitution of the United States, the Sixth Amendment, the right to trial by jury of the Seventh Amendment as applied on quasi criminal actions of the proportionality principles contained in the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment, and Article 1, Sections 1, 2, 5, 6, and 11 of the Constitution of the Commonwealth of Massachusetts for the following reasons, jointly and separately:

   a. There are no standards provided by Massachusetts law for the imposition of exemplary damages and, therefore, the defendant has not been put on notice and given the opportunity to anticipate punitive liability or the potential size of an award and to modify or conform its conduct accordingly.

   b. The procedures to be followed would permit an award of exemplary damages against this defendant upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability.

1689562.1

c. The procedures to be followed would permit the award of multiple exemplary damages for the same act or omission.

d. There are no provisions for clear and consistent appellate standards of review of any award of exemplary damages against this defendant under present Massachusetts law.

e. The standards of conduct upon which exemplary damages are sought against this defendant are vague and ambiguous.

f. The procedures used by Massachusetts courts, and guidelines given to the jurors, jointly and separately, are vague and ambiguous and thus impermissibly delegate to jurors basic policy matters, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is; and fail to eliminate the effects of, and to guard against, impressible juror passion.

g. Present Massachusetts law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award exemplary damages and, if so, the amount to be awarded.

h. Present Massachusetts law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of exemplary damages.

i. Present Massachusetts law does not provide for adequate and independent review by the trial court and the appellate court for the imposition of exemplary damages by a jury or of the amount of any exemplary damages awarded by a jury.

FIFTEENTH AFFIRMATIVE DEFENSE

As a further defense, the defendant states that the imposition of exemplary damages in this case violates the Equal Protection Cause of the Fifth and Fourteenth Amendments of the Constitution of the United States and deprives this defendant of the right to equal protection under the laws provided in Article 1, Sections 1, 6 and 11 of the Constitution of the Commonwealth of Massachusetts for the following reasons, jointly and separately:

a. The procedures to be followed would permit the awarding of exemplary damages against this defendant upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability.

b. The absence of sufficiently specific and objective standards for the imposition of exemplary damages fails to insure the equality of treatment between and amount similarly situated civil defendants.

c. The defendant, without procedural protections, is compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination, whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

WHEREFORE, the defendant, Daewoo Heavy Industries America Corporation, demands that the plaintiff's Complaint be dismissed, and judgment must enter for the defendant, with costs and attorneys' fees.

**JURY DEMAND**

THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

1689562.1

Daewoo Heavy Industries America Corporation,
By its attorneys,


 /s/ Christopher P. Flanagan
Maynard M. Kirpalani, BBO# 273940
Christopher P. Flanagan, BBO# 567075
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

Dated: September 3, 2004

## CERTIFICATE OF SERVICE

I, Christopher P. Flanagan, hereby certify that I have this 3rd day of September 2004, served a copy of the foregoing upon counsel of record by mailing same postage prepaid.

 /s/ Christopher P. Flanagan
Christopher P. Flanagan

8

1689562.1