UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY CELKO,<br>      Plaintiff<br><br>v.<br><br>DAEWOO HEAVY INDUSTRIES<br>AMERICA CORP.,<br>      Defendant | CIVIL ACTION NO.: 04-40150 |

## MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES

Plaintiff Gregory Celko hereby moves to Strike Defendant DHIA's Affirmative Defenses based upon the putative unconstitutionality of Massachusetts ch. 93A statute. Mass. Gen. L. ch. 93A, Section 11. By way of Thirteenth Affirmative Defense, Fourteenth Affirmative Defense, and Fifteenth Affirmative Defense, DHIA purports that plaintiff cannot recover because Chapter 93A violates the state and federal constitutions. DHIA, however, has failed to comply with the conditions precedent to a challenge or declaration that the statute is in any way unconstitutional See, Mass. Gen. L. ch. 231A, §8 ("If a question of constitutionality is involved in any proceeding under this chapter, the attorney general shall also be notified and be entitled to be heard"). See, Commonwealth v. Rotanda, 434 Mass. 211, 221 n.17, 747 N.E.2d 1199 (2001) (litigant cannot challenge constitutionality before court unless formal notification is given to state Attorney General); R.F. v. S.D., 55 Mass. App. Ct. 708, 714, 774 N.E.2d 636 (2002) (court must decline to consider constitutionality of a Massachusetts statute where Attorney General was never notified and given the opportunity to be heard). See also, Fed. R. Civ. P. 24 (c) (requiring notification of State Attorney General of any challenge to constitutionality of state statute).

The failure to notify and serve the Attorney General of the Commonwealth of Massachusetts precludes any attempt to declare Mass. Gen. L. ch. 93A unconstitutional. Moreover, the statutory scheme of Chapter 93A and the double or treble damages provisions are in full accordance with decisional law concerning the imposition of exemplary damages.

Lastly, the putative defenses are incoherent in light of DHIA's attempt to claim a jury trial on the Chapter 93A claim, which is <u>not</u> a claim tried to a jury in federal court.

WHEREFORE, for the foregoing reasons, this Court should strike the defenses.

Plaintiff,
GREGORY CELKO
By his Attorneys,

*[signature: Kevin G. Kenneally]*

Kevin G. Kenneally, BBO No. 550050
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: 9/24/04
00860705.DOC

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON 9/24/04

*[signature]*

2