UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY CELKO,<br>　　　　Plaintiff<br><br>v.<br><br>DOOSAN HEAVY INDUSTRIES<br>AMERICA CORPORATION, a<br>subsidiary of Doosan Infracore Co.,<br>Ltd. (Korea), formerly known as<br>DAEWOO HEAVY INDUSTRIES<br>AMERICA CORPORATION, a<br>Subsidiary of Daewoo Heavy<br>Industries & Machinery Ltd. (Korea),<br>　　　　Defendant | CIVIL ACTION NO.: 03-40029-CBS |
| GREGORY CELKO,<br>　　　　Plaintiff<br><br>v.<br><br>DOOSAN HEAVY INDUSTRIES<br>AMERICA CORPORATION, a<br>subsidiary of Doosan Infracore Co.,<br>Ltd. (Korea), formerly known as<br>DAEWOO HEAVY INDUSTRIES<br>AMERICA CORPORATION, a<br>Subsidiary of Daewoo Heavy<br>Industries & Machinery Ltd. (Korea),<br>　　　　Defendant | CIVIL ACTION NO.: 04-40150-CBS |

PLAINTIFF'S MOTION TO
AMEND COMPLAINTS
(CERTIFICATE OF COMPLIANCE)

Plaintiff Gregory Celko hereby moves to amend the complaints in the above-captioned consolidated actions. The proposed amended pleadings, filed herewith, seek to correctly identify as

defendants the appropriate corporate entities and amplify certain claims, theories or causes of action consistent with the state of discovery and evidence obtained in this action

It is axiomatic that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). See, *Foman v. Davis*, 371 U.S. 178 (1962); *Hatch v. Dept. for Children, Youth & Families*, 274 F.3d 12, 19 (1st Cir. 2001) (amendments should be granted unless futile). Plaintiff has not delayed in seeking these amendments because he just recently became aware of corporate transactions and a name-change. Indeed, Plaintiff was required to file papers seeking disclosure of this information because rules requiring disclosure were not adhered to. Cf., *Acosta-Mestre v. Hilton International*, 156 F.3d 49, 51 (1st Cir. 1998) (leave to amend can be denied where the movant is guilty of undue delay which prejudices opponent).

Moreover, until the last few months – long after the automatic disclosure deadline and expiration of the original Scheduling Order's discovery cutoff – Plaintiff was not provided documents about known-defective hydraulic hoses and a worldwide hose retrofit/recall initiated by Daewoo. Therefore, due to discovery non-compliance by defendant, Plaintiff had no knowledge or ability to raise claims under Section 11 of RESTATEMENT (THIRD) TORTS – PRODUCTS LIABILITY, which permits tort recovery for a negligently conducted voluntary recall. Daewoo/Doosan's silence about the recall in the face of multiple pre-injury hose failures on the subject equipment separately supports recovery under G.L. ch. 93A, §9 and will be evidence of willful and knowing deceptive acts or practices that merit an award of multiple damages, plus attorneys' fees and costs. G.L. ch. 93A, §9. The failure of defendant to grant relief and to promptly resolve Celko's claim – while Daewoo/Doosan subjectively knew of the recall campaign and hose defects and while hiding discoverable evidence on the topic   also can support an award of multiple damages, attorneys' fees and expenses under Chapter 93A. See, G.L. ch. 93A, 9(3).

2

Plaintiff has diligently and promptly brought this motion soon after being provided needed information. Plaintiff is not guilty of any undue delay and justice requires that Plaintiff be permitted to bring forth all legally-recognized trial theories supported by the evidence and to have the correctly-named corporate entity so that a judgment, if one is entered in favor of Celko, will be enforceable and collectible in accordance with the procedural rules and applicable laws governing levy and execution

WHEREFORE, Plaintiff Gregory Celko respectfully requests that this Court grant this Motion and docket the enclosed Amended Complaints

(CERTIFICATE OF COMPLIANCE)

Plaintiff certifies that he has complied with L.R. 7.1 and communicated with defendant about his intention to file this Motion to Amend.

                    Plaintiff,
                    GREGORY CELKO
                    By his Attorneys,

                    Kevin G. Kenneally, BBO No. 550050
                    DONOVAN HATEM LLP
                    Two Seaport Lane
                    Boston, MA 02210
                    (617) 406-4500

Dated: 8/25/05
00940697.DOC

3