UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY CELKO,<br>        Plaintiff,<br><br>v.<br><br>DAEWOO HEAVY INDUSTRIES AMERICAN CORPORATION and NATIONS RENT, INC.<br>        Defendants | CIVIL ACTION NO. 03-40029-CBS |
| GREGORY CELKO,<br>        Plaintiff,<br><br>v.<br><br>DAEWOO HEAVY INDUSTRIES AMERICA CORPORATION,<br>        Defendant | CIVIL ACTION NO.: 04-40150-CBS |

**DEFENDANT DAEWOO HEAVY INDUSTRIES AMERICA CORPORATION'S PARTIAL OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

NOW COMES, the defendant, Daewoo Heavy Industries America Corporation (hereinafter "DHIAC"), now known as Doosan Infracore America Corporation, by and through its counsel, in partial opposition to plaintiff's motions to amend complaint, **amendments that would completely change the plaintiff's theory of liability against the defendant one year and 5 months after the deadline for amendment of pleadings and less than one month prior to the trial of this matter.** In support of its opposition, the defendant respectfully states as follows:

The plaintiff, in his motions of August 25, 2005, seeks to amend the pleadings "to correctly identify as defendants the appropriate corporate entities and amplify certain

43215.2

claims, theories or causes of action consistent with the state of discovery and evidence obtained in this action." See Plaintiff's Motions to Amend Complaint, p. 1-2.  The defendant does not oppose the plaintiff's motions to amend to the extent that the plaintiff is seeking to identify the defendant as Doosan Infracore America Corporation, but opposes the plaintiff's motion to add new parties to the lawsuit since the statute of limitations has lapsed against Doosan Infracore Co., Ltd., formerly known as Daewoo Heavy Industries & Machinery Ltd., and opposes what is, in actuality, an addition, not an amplification, of the claims against the defendant.  Contrary to the plaintiff's contentions, in his motions to amend complaint, the amendment of the pleadings is properly denied when the amendments are based upon information that was known or could have been known earlier with reasonable investigative efforts, untimely amendments would be prejudicial, or where the amendments would ultimately be futile in saving an otherwise doomed cause.  All of those conditions are operative here.  The Courts judge motions for leave to amend the pleadings more critically when granting the amendment would violate a scheduling order governing the amendment of pleadings, as in this case.  Examination of the circumstances behind this motion will reveal it to be a transparent attempt by the plaintiff to prejudice the trier of fact against the defendant when, after over two years, the plaintiff has been unable to proffer any evidence of a defect, or the alleged defective hose, for that matter.  Amendment at this late hour to allow the plaintiff to inject parties that the plaintiff never sued and to further litigate a disingenuous new theory should not be permitted.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

2

43215.2

Moreover, the plaintiff's motions should be further denied because the plaintiff never attempted to resolve all of the issues set forth in the motions in good faith before filing, in violation of Local Rule 7.1.

### STATEMENT OF FACTS

The chronology in this case is of critical importance in appreciating the issues in the plaintiff's motions. The plaintiff served this defendant with the original Summons and Complaint on February 11, 2003, alleging that a Solar 290-V excavator bearing serial number 0840 (hereinafter referred to as "subject excavator") was defective because a hydraulic hose allegedly came loose causing the excavator bucket to swing down into a shoring pit, where plaintiff was standing, in violation of OSHA standards, striking the plaintiff on the shoulder. See Complaint, attached hereto as Exhibit 1, at ¶¶ 6 & 8. DHIAC removed the lawsuit to this Court. The plaintiff thereafter served another Complaint alleging violation of Mass. Gen. Laws Chapter 93A on August 2, 2004. See Chapter 93A Complaint, attached hereto as Exhibit 2. The plaintiff now seeks to amend both complaints by interjecting new parties into the lawsuit without having to comply with the precepts of the Hague Service Convention and after the time to sue these new parties have elapsed, and by adding a new cause of action.

The Court issued a Scheduling Order ordering that amendments or supplements to pleadings may be filed by **March 31, 2004**, a year and five months ago. See Scheduling Order, attached hereto as Exhibit 3. Pursuant to the original Scheduling Order, written discovery requests were to be served by **April 30, 2004**. See Exhibit 3. The plaintiff never served discovery upon DHIAC within this deadline. Instead, in an attempt to

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

3

43215.2

circumvent this Court's Order, on June 15, 2004, after the Court's deadline, the plaintiff served a Notice of Taking Deposition and attached a schedule of 22 requests for materials and documents.  See Notice of Taking Deposition, attached hereto as Exhibit 4.

Thereafter, prior to the December 27, 2004 status conference, the plaintiff issued a report to the Court.  In his report dated **December 22, 2004**, plaintiff alleged that "Daewoo suffered a number of hydraulic hose failures and issued a recall of certain hydraulic hoses".  See Plaintiff's Status Report for December 27, 2004 Status Conference, attached hereto as Exhibit 5.  The plaintiff further stated to this Court that "[f]or some reason, the owner and users of the subject excavator were not alerted to the manufacturing defects or otherwise warned about the hazard."  See Exhibit 5.  The Court thereafter issued an Amended Scheduling Order on February 22, 2005.  See Amended Scheduling Order, attached hereto as Exhibit 6.

Even as early as March 11, 2004, nearly one year and six months ago, NationsRent, Inc. served the plaintiff with discovery responses that indicated that while DHIAC issued a bulletin concerning some improperly crimped hydraulic hoses on excavators, the subject hose involved in this accident was not one of the hoses affected. See Defendant, Nations Rent, Inc.'s Response to Notice of Taking Deposition of Its Keeper of Records, attached hereto as Exhibit 7.  Moreover, on June 15, 2004, plaintiff's counsel, who contends in these motions that he just learned of the "retrofit/recall" a "few months ago", acknowledged in a letter that "*preliminary discovery obtained from NationsRent* indicates that Daewoo personnel were aware of hydraulic hose and main line problems on this and other excavators."  See Correspondence from Kevin G. Kenneally

to Christopher P. Flanagan, dated June 15, 2004, page 2, attached hereto as Exhibit 8 [emphasis added].  Accordingly, plaintiff counsel's contention that the plaintiff was not aware of a "retrofit/recall" until the last few months is disingenuous.  The plaintiff knew of the information as early as March 2004 and admitted to knowledge in June and December 2004.

The plaintiff also seeks to prejudice the defendant by naming Doosan Infracore America Corporation's parent company in the pleadings in a futile attempt to demonstrate that the defendant and its parent company are one in the same company since the plaintiff failed to sue them within the statute of limitations and in accordance with the Hague Service Convention.  The plaintiff seeks to further prejudice defendants by adding claims, not amplifying them, concerning an alleged negligent recall.  This addition comes after discovery is complete, which severely prejudices the defendant.  If the plaintiff is allowed to amend the pleadings to add this new cause of action, the defendant would not have sufficient time in which to obtain discovery from the hose manufacturer, Chun Ji Rubber, through Letters Rogatory, as required by international law.  If the amendment is allowed, it would force the defendant to defend a new theory of liability that was never supported by any expert witness.  Based upon plaintiff's own delay and the prejudice to the defendant, the defendant respectfully requests that this Court deny the plaintiff's motion to amend complaint.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

5

43215.2

## ARGUMENT

**I. MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT SHOULD BE DENIED BASED UPON UNDUE DELAY BY THE PLAINTIFF, PREJUDICE TO DEFENDANT AND FUTILITY OF THE AMENDMENT**

The Federal Rules of Civil Procedure govern the amendment of pleadings. Although Rule 15(a) provides generally that leave to amend pleadings "shall be freely given when justice so requires," Courts shall consider several factors in exercising their discretion, including: undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party by virtue of allowance of the amendment; and, futility of amendment. *Hayes v. New England Millwork Distrib., Inc.,* 602 F.2d 15, 19 (1st Cir. 1979) (*quoting Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); *One Beacon Ins. Co. v. Electrolux,* 223 F.R.D. 21, 24 (D. Mass. 2004). The policy favoring liberal allowance of amendment does not mean that the right to amend is absolute. *New Balance Athletic Shoe, Inc. v. Puma USA, Inc.,* 118 F.R.D. 17, 20 (D. Mass. 1987).

Courts are particularly loath to allow amendment when doing so would violate a Scheduling Order governing amendment of pleadings. Fed. R. Civ. P. 16(b). In that instance, the threshold inquiry is whether plaintiff was diligent in investigating the circumstances that now lead to the request for leave to amend after the deadline. As the cases in section I. C. below make plain, **where, as here, the plaintiff was not diligent, the inquiry ends and amendment must be denied**.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

43215.2

### A.     UNDUE DELAY

"At some point in the course of litigation, an unjustified delay preceding a motion to amend goes beyond excusable neglect, even when there is no evidence of bad faith or dilatory motive." *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981). Although Fed. R. Civ. P. 15(a) does not set forth a particular time limit for the filing of a motion to amend, it is well established that a motion to amend "should be made as soon as the necessity for altering the pleading becomes apparent." *Espinosa v. Sisters of Providence Health Sys.,* 227 F.R.D. 24, 27 (D. Mass. 2005) (*quoting* 6A Charles Alan Wright, et al., *Federal Practice & Procedure* §1488 (2003)). "Where … considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some valid reason for his neglect and delay." *Grant v. News Group Boston, Inc.,* 55 F.3d 1, 13 (1st Cir. 1995) (internal citations omitted); *se, e.g., Stepanischen v. Merchants Despatch Transp. Corp.*, 722 F.2d 922, 932 (1st Cir. 1983) (seventeen month delay between initiation of action and filing of motion to amend and filing of motion to amend two weeks before pre-trial statements were due constituted undue delay). Liberality in pleading does not bestow on the litigants the privilege of neglecting their case for a long period of time. *See Rohner, Gehrig & Co. v. Capital City Bank*, 655 F.2d 571 (5th Cir. 1981). Where the plaintiff had knowledge of the facts on which the proposed amendment is based at an earlier date, yet the motion to amend was delayed for a substantial period of time without adequate excuse, the Court should deny the request for leave to amend. *Feldman v. Lifton*, 64 F.R.D. 539, 542 (S.D.N.Y. 1974) (emphasis added); 6 Wright and Miller, Federal Practice and Procedure, §1488.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

Lack of diligence is also justification for refusing to grant leave to amend where the delay is unreasonable. *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 8-9 (1st Cir. 2004). *See also Roorda v. American Oil Co.*, 446 F.Supp. 939, 947 (W.D.N.Y. 1978); and *Sosa v. Airprint*, 133 F.3d 1417, 1418 (11th Cir. 1998). Where there has been lack of diligence, the burden is on the moving party to demonstrate that the delay was due to oversight, inadvertence or excusable neglect. *See Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990). The longer a plaintiff delays in filing a motion to amend, the more likely it will be denied because "protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend". *Steir,* 383 F.3d at 8-9. While the Court should give a party a fair chance to present claims and defenses, the Court must also protect "a busy district court (from being) imposed upon by the presentation of theories seriatim." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981); *Evans v. Purolator Courier Corporation*, 1987 U.S. Dist. LEXIS 6235, *9 (S.D.Ga. 1987).[1]

As set forth in the Statement of Facts above, the Court should deny the plaintiff's motion to amend the pleadings to add new causes of action based on the plaintiff's undue delay. Discovery has been proceeding for the past twenty months upon the pled contention that there was a manufacturing or design defect with the hydraulic hose. Internal investigation, documentary discovery, depositions and inspections have been conducted based upon the pled allegation that the hydraulic hose was defective. Now,

---

[1] A copy of which is attached hereto as Exhibit 9.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

8

without any expert support, and after the discovery and expert witness deadlines have passed, the plaintiff seeks to add a new cause of action that the defendant negligently recalled various hoses. As set forth in the Statement of Facts, the plaintiff was aware that some hoses were subject to a "retrofit/recall." However, the subject hose was not one of those hoses. Even had it been one of the hoses subject to the "retrofit/recall," the plaintiff never proceeded under a claim that the "retrofit/recall" was negligently conducted despite his knowledge of such activities over a year and a half ago.

At some point, a party may not respond to adverse findings by claiming that another theory not previously advanced provides a possible grounds for relief and should be considered. *See, e.g., Komie v. Buehler Corp.*, 449 F.2d 644, 647-48 (9th Cir. 1971); *Mooney v. Vitolo*, 435 F.2d 838 (2d Cir. 1970). The plaintiff's wish to amend the pleadings after two and a half years of litigating the issue of an allegedly defective hydraulic hose should be denied. The plaintiff's own neglect, oversight or delay led to this belated change of theories. The defendant should not be burdened with the cost and expense of relitigating another, altogether different, claim, at this juncture based upon the plaintiff's delay. Accordingly, based upon plaintiff's inexcusable delay, the plaintiff's motions to amend complaint should be denied.

### B. UNDUE PREJUDICE

Prejudice to the opposing party is ordinarily the most compelling reason for denying a motion to amend pleadings. *Diduck v. Kaszycki & Sons Contractors, Inc.*, 737 F.Supp. 792 (S.D.N.Y.1990), *affirmed in part*, *reversed in part on other grounds* 974 F.2d 270, *on remand* 870 F.Supp. 489. Prejudice may occur when the proposed amended

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

9

pleading is interposed after the completion of discovery, or is based upon a new set of operative facts. *See Ansam Associates Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir.1985). "[M]otions to amend whose timing prejudices the opposing party by requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy" are particularly disfavored. *Steir,* 383 F.3d at 9 (internal citations omitted).

This lawsuit has been pending for over twenty-nine months. Plaintiff knew that the Scheduling Order set a deadline to amend the pleadings by March 31, 2004. Despite having knowledge of an irrelevant, unassociated hose "retrofit/recall" involving other hoses in March 2004, the plaintiffs never even tried to amend the pleadings until now, less than one month from trial. The plaintiff seeks to prejudice the defendant for his own failures. If an amendment is permitted, the defendant would not have time before trial to obtain information concerning Chun Ji Rubber hoses via Letters Rogatory in time to defend the new claim. Since evidence clearly establishes that the plaintiff could have amended the pleadings to add a new cause of action as far back as 2004, the plaintiff's failure to amend the pleadings until now should not prejudice the defendant and leave it with no time to obtain discovery on the new claim.

Under the circumstances, the negligent "retrofit/recall" theory is clearly brought too late. This addition in the theory of liability at this juncture is highly prejudicial.

> The purpose of requiring, insofar as possible, the parties to define their claims and counterclaims at an early date is to allow them to assess, after discovery and research into the law, the merits of their positions and determine whether to settle the case or prosecute to trial. Even as late as the status conference itself, some eight months after the

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

10

>complaint was filed, plaintiff's counsel was attempting to advance … additional theories of liability….For whatever reason, it appears that plaintiff has been neglectful and "liberality of pleading does not bestow on a litigant [that] privilege."

*Evans,* supra, 1987 U.S. Dist. LEXIS 6235, at * 9 - 10 (copy attached as Exhibit 9 for convenience of the court and counsel) (internal citations omitted).

### C.  VIOLATION OF THE SCHEDULING ORDER AS A COMPONENT OF PREJUDICE

In addition to other prejudice against the defendant, the plaintiff's motion to amend comes a year and five months after the Scheduling Order's deadline for amendment of pleadings of March 31, 2004.  Fed. R. Civ. P. 16(b) disfavors a motion to amend any pleading after entry of the Scheduling Order.  FRCP 16(b) states that a Court's scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."  The reason for the "good cause" requirement for modification of a Court's scheduling order is that such orders and their enforcement are regarded as the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner.  The control of these schedules is deliberately placed in the Court, and not in counsel, so that this end may be achieved.  *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 790 (1st Cir.1988), *cert. denied*,  488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989); *Compagnie Nationale Air France v. Port of New York Authority*, 427 F.2d 951 (2nd Cir.1970); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C.1987).  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, **the focus of the inquiry is upon the moving**

**party's reasons for seeking modification. If that party was not diligent, the inquiry should end.** *Sosa*, 133 F.3d at 1418. The absence of diligent investigation and amendment of plaintiff's new claim could not be more glaring in this case. The plaintiff had knowledge of the "retrofit/recall" of irrelevant and unassociated hoses in early-2004. To now ask this Court to allow an addition of a new cause of action after the discovery deadline and claiming that the plaintiff has not delayed in seeking this amendment is disingenuous and should not be condoned.

The plaintiff delay in amending the cause of action should inure to the plaintiff's detriment, not the defendant's. Rule 16(b) is diluted into meaninglessness if it can be ignored with such impudence irrespective of the extent to which doing so results in opening up new discovery issues one month before trial.

### D. FUTILITY OF AMENDMENT

The Court may deny a motion for leave to amend where the proposed amendment is futile in that it would not withstand a motion to dismiss or for summary judgment. *See Executive Leasing Corp. v. Banco Popular,* 48 F.3d 66, 71 (1st Cir. 1995); *Spalding v. Reliance Standard Life Ins. Co.,* 835 F. Supp 23, 31 (D. Mass. 1993). An amendment to a pleading will be considered futile when the proposed amendment seeks to assert a cause of action that would not withstand a motion to dismiss. *Debreceni v. Bru-Jell Leasing Corp.,* 710 F. Supp. 15, 18 (D. Mass. 1989). *See, also, Humphreys v. Roche Biomedical Laboratories, Inc.*, 990 F.2d 1078, 1082 (8th Cir.1993).

In order for a Court to determine that an amendment will be futile, the Court may perform a Fed. R. Civ. P. 12(b)(6) analysis consistent with a motion to dismiss.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

43215.2

*Spalding,* 835 F. Supp. at 31. In the instant matter, when this Court analyzes all of the information presented along with the defendant's *in limine* motions, which will be served shortly, it will find that the plaintiff's allegation for which the amendment to assert the proposed Amended Complaints is sought is futile and cannot withstand a motion for summary judgment.

As will be shown at that time, the plaintiff will be unable to support such a claim. The plaintiff has presented no evidence, only conjecture, that a "retrofit/recall" was negligently conducted or is actionable under Massachusetts law. The plaintiff's expert witness has proffered no opinion that a "retrofit/recall" was negligently conducted. Without acceptable support for the new claim, the plaintiff will not be able to sustain his burden of going forward with this claim.

Therefore, in the event that the Court does not find the alternative grounds described above more than sufficient in themselves to deny this motion for leave to file late amendments, the defendant respectfully requests that the Court defer ruling on the motion to amend until the briefing is completed on the upcoming *in limine* motions. That briefing will make the futility of this claim apparent, adding the additional futility grounds to all of the alternative grounds that already independently justify denying this late amendment. Should there be any remaining doubt this additional briefing will surely make the appropriateness of denying this motion inescapable.

II. **PLAINTIFF'S AMENDMENT OF THE PARTIES TO ADD NEW PARTIES SHOULD BE DENIED**

The plaintiff also seeks to add new defendants to the pleadings. The original complaints identify the defendants as "Daewoo Heavy Industries American Corporation"

[sic] and "Daewoo Heavy Industries America Corporation."  In April 2005, Doosan Infracore Co., Ltd. purchased Daewoo Heavy Industries & Machinery Ltd., which was Daewoo Heavy Industries America Corporation's parent company.  Neither Doosan Infracore Co., Ltd. nor Daewoo Heavy Industries & Machinery Ltd.  were defendants to either lawsuit.  As a result of the purchase, Daewoo Heavy Industries America Corporation changed its name to Doosan Infracore America Corporation and an amended corporate disclosure was filed.  See Exhibit 10.

The plaintiff, however, now seeks to amend the complaints to name "Doosan Heavy Industries America Corporation, a subsidiary of Doosan Infracore Co., Ltd. (Korea), formerly known as Daewoo Heavy Industries America Corp., a subsidiary of Daewoo Heavy Industries & Machinery Ltd."  The defendant objects to such an amendment.

First, the plaintiff has failed to even name the correct defendant despite the fact that the defendant identified its new name in its amended corporate disclosure.  Second, the plaintiff is attempting to consolidate various Doosan and Daewoo companies into one entity and to find them jointly liable.  The plaintiff is attempting to attribute actions of one entity upon another entity even though the plaintiff failed to sue Doosan Infracore Co., Ltd. or Daewoo Heavy Industries & Machinery Ltd. within the applicable statute of limitations and according to the precepts of the Hague Service Convention.

The plaintiff should not be permitted to prejudice the defendant for his own inactions or failures to join other parties into this lawsuit.  The amendment to the party should be limited to identify "Doosan Infracore America Corporation."

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

14

43215.2

### III. MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT SHOULD BE DENIED BASED UPON PLAINTIFF'S FAILURE TO COMPLY WITH LOCAL RULE 7.1

The plaintiff erroneously certified to this Court that he complied with Local Rule 7.1. Local Rule 7.1(a)(2) states that "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."

Preliminarily, the plaintiff never provided the Court with a copy of the communication with counsel that requested the amendment of the pleadings, and therefore, a copy is attached. See Electronic Communication from Kevin Kenneally to Christopher P. Flanagan, dated August 24, 2005, attached hereto as Exhibit 11. According to this e-mail, which was <u>not</u> sent to co-counsel of record, Michael H. Bai, plaintiff's counsel merely mentions that he "needs to amend the complaints" after the defendant filed an amended corporate disclosure statement. See Exhibit 11. Plaintiff's counsel never sent a draft of the proposed Amended Complaint to defendant's counsel nor did he advise defendant's counsel that he intended to add new defendants and a new cause of action. " '[C]ommon sense dictates that … a copy of the proposed amendment [sic] complaint' should accompany the motion [for leave to file an amended complaint]." *Partlow v. Frank,* 1991 U.S. Dist. LEXIS 21690 at *16 (D. N.H. 1991).[2]  Without a copy of the proposed amended complaint "opposing counsel has no means to determine whether it objects to the proposed amended complaint." *Id.*  Thus, a Court may deny a

---

[2] A copy of which is attached hereto as Exhibit 12.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

43215.2

plaintiff's motion for permission to file an amended complaint if the plaintiff does not attach a copy of the proposed amended complaint. *Id.*

Moreover, plaintiff's counsel sent the e-mail on August 24, 2005, and filed the motion on August 25, 2005, never properly conferring with defendant's counsel, as required by the rules, and providing defendant's counsel with no opportunity to respond or to review a proposed amendment. See Exhibit 11. How can the plaintiff expect the defendant to approve an amendment that was not provided to the defendant? When the defendant was provided with the motion, the defendant assumed that the motion was merely to identify the name change. In reviewing the motion and the amendments, it is clear that the plaintiff inserted new causes of action and new parties, all of which were added without conferring with counsel as required by the rule. Accordingly, the plaintiff's motions should be denied for such reasons.

### IV. MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT SHOULD BE DENIED BASED UPON PLAINTIFF'S FAILURE TO COMPLY WITH LOCAL RULE 15.1

The plaintiff should be precluded from naming Doosan Infracore Co., Ltd. or Daewoo Heavy Industries & Machinery Ltd. in the pleadings because he failed to add them as parties to the lawsuit within the applicable limitations period and for failing to comply with Local Rule 15.1, which sets forth various requirements before adding any new parties. Pursuant to Local Rule 15.1(b), "[A] party moving to amend a pleading to add a new party shall serve, in the manner contemplated by Fed. R. Civ. P. 5(b), the motion to amend upon the proposed new party at least ten (10) days in advance of filing the motion, together with a separate document stating the date on which the motion will

be filed. A motion to amend a pleading to add a new party shall be accompanied by a certificate stating that it has been served in advance on the new party as required by this rule." No such notice was ever served. Accordingly, the naming of new parties should be denied.

### V.    CONCLUSION

The defendant respectfully requests that the Court not require further expenditure of the defendant's and the Court's resources by overlooking the fifteen month delay beyond the scheduling order deadline for amending the pleadings to now allow the plaintiff to add a negligent recall theory against the defendant. The defendant further requests that the plaintiff be limited to amend the complaint to name Doosan Infracore America Corporation only, and no other entities.

Respectfully Submitted,

Doosan Infracore America Corporation,

By its attorneys,

\_\_/s/  Christopher P. Flanagan_____
Maynard M. Kirpalani, BBO# 273940
Christopher P. Flanagan, BBO# 567075
Wilson, Elser, Moskowitz, Edelman &
    Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

\_\_/s/  Michael H. Bai (cpf)_____
Michael H. Bai, *Pro Hac Vice Admission*
Wilson, Elser, Moskowitz, Edelman &
    Dicker LLP
150 East 42nd Street
New York, NY 10021
(212) 490-3000

Dated: September 8, 2005

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

43215.2