COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS:                             WORCESTER SUPERIOR COURT
                                                    CIVIL ACTION NO.

GREGORY CELKO, )
     Plaintiff )
)
v. )     COMPLAINT
)
DAEWOO HEAVY INDUSTRIES AMERICAN )
CORPORATION and NATIONS RENT, INC. )
              Defendants )

## Factual Background

1. The Plaintiff, Gregory Celko, is a resident of the Town of Dudley, County of Worcester, Commonwealth of Massachusetts.

2. The Defendant, Daewoo Heavy Industries American Corporation Company, (hereafter "Daewoo") is a corporation duly established under law with a usual place of business in Karlstad, New Jersey. Jurisdiction is based on the Defendant transacting business in the Commonwealth, contracting to supply equipment in the Commonwealth, or causing tortious injury in the Commonwealth by the Defendant who regularly solicits business or engages in other persistent course of conduct or derives substantial revenue from services rendered or goods sold in the Commonwealth.

3. The Defendant, Nations Rent, Inc., (hereafter "Nations") is a corporation duly established under law with a usual place of business in the Town of Shrewsbury and County of Worcester, Commonwealth of Massachusetts.

4. On or about October 26, 2000 the Plaintiff, Gregory Celko, was an employee of R. E. Carlson Corporation, a general contractor, and was working at a construction site in Shrewsbury, Massachusetts on Grace Avenue in the course of his employment.

5. R. E. Carlson had rented an excavator manufactured by the Defendant, Daewoo from the Defendant, Nations, on or about 8/1/00.

6. The machine in question was a DAEWOO 62000 excavator serial No. 840, Model 5290-S.

7. The excavator in question was serviced, maintained and rented by the Defendant, Nations.

8. The Plaintiff, Gregory Celko, sustained serious personal injuries as a result of the mechanical failure of a hose on the Daewoo excavator. The hose let go while it was in operation and the dipper swung like a pendulum, striking the Plaintiff and knocking him over.

9. As a result of the accident in question, the Plaintiff sustained serious personal injuries.

COUNT I
(Negligence - Personal Injury)
(Gregory Celko v. Daewoo)

10. The Plaintiff, Gregory Celko, re-alleges the preceding paragraphs of this complaint and incorporates same by reference.

11. The Defendant, Daewoo, by operation of law, negligently and carelessly designed, manufactured, assembled, outfitted, equipped, modified, certified, distributed, sold and maintained the subject product in that the product was unreasonably dangerous; unfit for its normal use; lacked proper and adequate guarding devices and safeguards to prevent Plaintiff's injuries and other unsafe conditions; and there was a failure to warn the Plaintiff of the dangers associated with the use of the product.

12. As a direct and proximate result, the Plaintiff suffered severe bodily injuries, incurred great expense for the medical treatment of his injuries, suffered great pain of body and mind, has been unable to return to employment and his regular activities, and will continue to suffer permanent impairment and a loss of earning capacity.

WHEREFORE, THE PLAINTIFF, GREGORY CELKO, DEMANDS JUDGMENT AGAINST THE DEFENDANT, DAEWOO, IN SUCH AMOUNT AS THIS COURT DEEMS JUST AND PROPER, TOGETHER WITH INTEREST AND COSTS.

## COUNT II
(Breach of Implied Warranty of Merchantability)
(Against Daewoo)

13. The Plaintiff, Gregory Celko, re-alleges the preceding paragraphs of this complaint and makes them a part of this count.

14. The Defendant, Daewoo, is a "merchant" as defined in M.G.L., c 106, Sec. 2-104.

15. The Plaintiff, Gregory Celko, was a person whom the Defendant, Daewoo, might reasonably have expected to use and/or come in contact with the aforesaid subject product.

16. The Defendant, Daewoo, by operation of law, impliedly warranted that the aforesaid subject product was of merchantable quality, fit for the ordinary use and purpose for which it was designed, was free from defects, would not cause serious bodily injury to its user or renter, and that proper and adequate instructions and warnings were provided to purchasers, users, renters and the Plaintiff respecting the dangers and hazards of the aforesaid subject product.

17. The aforesaid subject product reached the renter, Plaintiff's employer, and the Plaintiff, in the condition in which it had been designed, manufactured, assembled, outfitted, equipped, certified, distributed, sold and/or maintained by Daewoo.

18. The Defendant, Daewoo, by operation of law, breached its implied warranty of merchantability respecting the subject product in that the product was unreasonably dangerous; unfit for its normal use; lacked proper and adequate guarding devices to prevent Plaintiff's injuries and other unsafe conditions; and there was a failure to warn the Plaintiff of the dangers associated with the use of the product.

19. Notice of the aforesaid breach of warranty was duly given on behalf of the Plaintiff to the Defendant.

20. As a direct and proximate result, the Plaintiff, Gregory Celko, suffered severe bodily injuries, incurred great expense for the medical treatment of his injuries, suffered great pain

of body and mind, was unable to attend to his employment and activities for a long period of time, and will continue to suffer permanent impairment and a loss of earning capacity.

WHEREFORE, THE PLAINTIFF, GREGORY CELKO, DEMANDS JUDGMENT AGAINST THE DEFENDANT, DAEWOO, FOR INJURIES AND DAMAGES SUSTAINED IN AN AMOUNT THE COURT DEEMS JUST, PLUS INTEREST AND COSTS OF SUIT.

### COUNT III
(Breach of Implied Warranty of
Fitness for Particular Purpose)

21. The Plaintiff, Gregory Celko, re-alleges each preceding paragraph of this complaint and makes them a part of this count.

22. The Defendant, Daewoo, is a "seller" as defined in M.G.L., c 106, Sec. 2-103(d).

23. The Plaintiff, Gregory Celko, was a person whom the Defendant, Daewoo, might reasonably have expected to use and/or come in contact with the aforesaid subject product.

24. The Defendant, Daewoo, by operation of law, impliedly warranted that the aforesaid subject product was of merchantable quality, fit for the specific and particular purpose for which it was designed and intended to be used, free from defects, and that proper adequate instructions and warnings were provided to purchasers, users and the Plaintiff.

25. At the time, Daewoo, designed manufactured, assembled, outfitted, equipped, certified, distributed, inspected, sold and maintained the subject product, Daewoo, by operation of law, had reason to know the particular purpose for which the subject product was required and that the purchaser and eventually the Plaintiff user, relied upon Daewoo's, skill and judgment to furnish a suitable and safe product.

26. The aforesaid subject product reached the purchaser, Plaintiff's employer, and the Plaintiff, in the condition in which it had been designed, manufactured, assembled, outfitted, equipped, certified, distributed and sold by Daewoo.

27. The Defendant, Daewoo, by operation of law, breached its implied warranty of fitness for a particular purpose in that the

aforesaid subject product was unreasonably dangerous; unfit for its normal use and was unfit for its particular purpose; lacked proper and adequate guarding devices to prevent Plaintiff's injuries and other unsafe conditions; and there was a failure to warn the Plaintiff of the dangers associated with the use of the product; and otherwise breached an implied warranty of fitness for a particular purpose to be further shown by the evidence.

28. Notice of the aforesaid breach of warranty was duly given of behalf of the Plaintiff to the Defendant.

29. As a direct and proximate result, the Plaintiff, Gregory Celko, suffered severe bodily injuries, incurred great expense for the medical treatment of his injuries, suffered great pain of body and mind, was unable to attend to his employment and activities for a long period of time, and will continue to suffer permanent impairment.

WHEREFORE, THE PLAINTIFF, GREGORY CELKO, DEMANDS JUDGMENT AGAINST THE DEFENDANT IN SUCH AMOUNT AS THIS COURT DEEMS JUST AND PROPER, TOGETHER WITH INTEREST AND COSTS.

THE PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL COUNTS.

### COUNT IV
(Negligence - Personal Injury)
(Gregory Celko v. Nations)

30. The Plaintiff, Gregory Celko, re-alleges the preceding paragraphs of this complaint and incorporates same by reference.

31. The Defendant, Nations, by operation of law, negligently and carelessly designed, manufactured, assembled, outfitted, equipped, modified, certified, distributed, sold, maintained and rented the subject product in that the product was unreasonably dangerous; unfit for its normal use; lacked proper and adequate guarding devices and safeguards to prevent Plaintiff's injuries and other unsafe conditions; and there was a failure to warn the Plaintiff of the dangers associated with the use of the product.

32. As a direct and proximate result, the Plaintiff suffered severe bodily injuries, incurred great expense for the medical treatment of his injuries, suffered great pain of body and mind, has been unable to return to employment and his regular activities, and will continue to suffer permanent impairment and

a loss of earning capacity.

WHEREFORE, THE PLAINTIFF, GREGORY CELKO, DEMANDS JUDGMENT AGAINST THE DEFENDANT, NATIONS, IN SUCH AMOUNT AS THIS COURT DEEMS JUST AND PROPER, TOGETHER WITH INTEREST AND COSTS.

### COUNT V
(Breach of Implied Warranty of Merchantability)
(Against Nations)

33. The Plaintiff, Gregory Celko, re-alleges the preceding paragraphs of this complaint and makes them a part of this count.

34. The Defendant, Nations, is a "merchant" as defined in M.G.L., c 106, Sec. 2-104.

35. The Plaintiff, Gregory Celko, was a person whom the Defendant, Nations, might reasonably have expected to use and/or come in contact with the aforesaid subject product.

36. The Defendant, Nations, by operation of law, impliedly warranted that the aforesaid subject product was of merchantable quality, fit for the ordinary use and purpose for which it was designed, was free from defects, would not cause serious bodily injury to its user or renter, and that proper and adequate instructions and warnings were provided to purchasers, users, renters and the Plaintiff respecting the dangers and hazards of the aforesaid subject product.

37. The aforesaid subject product reached the purchaser, Plaintiff's employer, and the Plaintiff, in the condition in which it had been designed, manufactured, assembled, outfitted, equipped, certified, distributed, sold and/or maintained or rented by Nations.

38. The Defendant, Nations, by operation of law, breached its implied warranty of merchantability respecting the subject product in that the product was unreasonably dangerous; unfit for its normal use; lacked proper and adequate guarding and safety devices to prevent Plaintiff's injuries and other unsafe conditions; and there was a failure to warn the Plaintiff of the dangers associated with the use of the product.

39. Notice of the aforesaid breach of warranty was duly given on behalf of the Plaintiff to the Defendant.

40. As a direct and proximate result, the Plaintiff, Gregory Celko, suffered severe bodily injuries, incurred great expense for the medical treatment of his injuries, suffered great pain of body and mind, was unable to attend to his employment and activities for a long period of time, and will continue to suffer permanent impairment and a loss of earning capacity.

WHEREFORE, THE PLAINTIFF, GREGORY CELKO, DEMANDS JUDGMENT AGAINST THE DEFENDANT, NATIONS, FOR INJURIES AND DAMAGES SUSTAINED IN AN AMOUNT THE COURT DEEMS JUST, PLUS INTEREST AND COSTS OF SUIT.

## COUNT VI
(Breach of Implied Warranty of Fitness for a Particular Purpose)
(Against Nations)

41. The Plaintiff, Gregory Celko, re-alleges the preceding paragraphs of this complaint and makes them a part of this count.

42. The Defendant, Nations, is a "merchant" as defined in M.G.L., c 106, Sec. 2-104.

43. The Plaintiff, Gregory Celko, was a person whom the Defendant, Nations, might reasonably have expected to use and/or come in contact with the aforesaid subject product.

44. The Defendant, Nations, by operation of law, impliedly warranted that the aforesaid subject product was of merchantable quality, fit for the ordinary use and purpose for which it was designed and intended to be used, free from defects, and that proper adequate instructions and warnings were provided to purchasers, users and the Plaintiff.

45. At the time, Nations, designed, manufactured, assembled, outfitted, equipped, certified, distributed, inspected, sold and maintained the subject product, Nations, by operation of law, had reason to know the particular purpose for which the subject product was required and that the purchaser and eventually the Plaintiff, relied upon Nations' skill and judgment to furnish a suitable and safe product that was properly maintained.

46. The aforesaid subject product reached the purchaser, Plaintiff's employer, and the Plaintiff, in the condition in which it had been designed, manufactured, assembled, outfitted, equipped, certified, distributed, sold, maintained or rented by Nations.

47. The Defendant, Nations, by operation of law, breached its implied warranty of fitness for a particular purpose in that the aforesaid subject product was unreasonably dangerous; unfit for its normal use and was unfit for its particular purpose; lacked proper and adequate safety guarding and safety devices to prevent Plaintiff's injuries and other unsafe conditions; and there was a failure to warn the Plaintiff of the dangers associated with the use of the product; and otherwise breached an implied warranty of fitness for a particular purpose to be further shown by the evidence.

48. Notice of the aforesaid breach of warranty was duly given on behalf of the Plaintiff to the Defendant.

49. As a direct and proximate result, the Plaintiff, Gregory Celko, suffered severe bodily injuries, incurred great expense for the medical treatment of his injuries, suffered great pain of body and mind, was unable to attend to his employment and activities for a long period of time, and will continue to suffer permanent impairment.

   WHEREFORE, THE PLAINTIFF, GREGORY CELKO, DEMANDS JUDGMENT AGAINST THE DEFENDANT, NATIONS, FOR INJURIES AND DAMAGES SUSTAINED IN AN AMOUNT THE COURT DEEMS JUST, PLUS INTEREST AND COSTS OF SUIT.

   THE PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL COUNTS.

                              GREGORY CELKO, PLAINTIFF,
                              BY HIS ATTORNEY

                              _____
                              STEPHEN J. BROWN, ESQUIRE
                              250 Commercial Street
                              Worcester, MA 01608
                              Telephone: (508) 791-4474
                              FAX No. (508) 831-1311
                              BBO #061-140