4681.37

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY CELKO,<br>      Plaintiff<br><br>v.<br><br>DAEWOO HEAVY INDUSTRIES<br>AMERICA CORP.,<br>      Defendant | CIVIL ACTION NO: 04-40150 |

## COMPLAINT

1.  Plaintiff Gregory Celko is a natural person who resides in Dudley, Massachusetts.

2.  Defendant Daewoo Heavy Industries America Corp. ("DHIA") is a duly-organized corporate person with a regular place of business at 2905 Shawnee Industrial Way, Suwanee, Georgia 30024.

3.  The plaintiff and defendant are parties to a companion action arising from the same accident and transactions filed in this division of the U.S. District Court, District of Massachusetts, docket number 03-CV-40029-FDS, which was removed to this Court. Plaintiff contends that these matters are appropriate for consolidation pursuant to Fed. R. Civ. P. 42.

4.  Jurisdiction and venue in this action are appropriate, pursuant to 28 USC §§1332, 1391.

5.  Defendant DHIA is engaged in trade or commerce and caused tortious injury to plaintiff Gregory Celko by negligently supplying into Massachusetts unreasonably dangerous, defective, and unsafe goods, without warnings, that breached applicable implied and/or express warranties pursuant to common law and Mass. Gen. L. ch. 106, §§2-313, 2-314, and/or 2-315.

6. Said breaches constitute a violation of Mass. Gen. L. ch. 93A, §§2, 9 and 940 CMR 3.01 (attorney general's regulation provides that "it shall be an unfair and/or deceptive act or practice to fail to perform or fulfill any promise or obligation under a warranty").[1]

7. Defendant DHIA breached its common law and statutory warranties and duties to plaintiff and directly caused him severe and permanent personal injury, impairment to bodily function and earning capacity, scarring, and great pain of body and mind.

8. Among other breaches, Defendant DHIA negligently supplied a product that breached warranties by virtue of, inter alia, improper design, manufacture and/or assembly including, but not limited to the hydraulics and components; failure to incorporate feasible, inexpensive alternative designs or safety features to prevent injury upon loss of hydraulic power; and the failure to warn those foreseeably endangered by the design and/or about the absence of safety features or about latent dangers inherent in the product.

9. The aforementioned conduct and/or breaches of warranties constitute actionable unfair or deceptive acts or practices by Defendant DHIA, pursuant to Mass. Gen. L. ch. 93A, §§2, 9 and 940 CMR 3.01..

10. Said violations of Mass. Gen. L. ch. 93A by defendant were willful or knowing.

11. Plaintiff Gregory Celko was injured as a direct and proximate result of the warranty breaches and unfair or deceptive acts or practices by Defendant DHIA, entitling plaintiff to damages, doubled or trebled, plus attorneys' fees, costs and expenses.

12. On June 15, 2004, Plaintiff Gregory Celko complied fully with the statutory prerequisites, if any, [2] to bringing this action by sending a written demand for relief to Defendant

---

[1] See, e.g., Maillet v. ATF-Davidson, 407 Mass. 185 (1990).
[2] Of course, the written demand requirements may not apply to foreign defendants such as DHIA which do not maintain a place of business or keep assets in the Commonwealth. Mass. Gen. L. ch. 93A, §9(3).

DHIA in accordance with Mass. Gen. L. ch. 93A, §9(3). Attached as Exhibit A is plaintiff's written demand for relief.

13. Attached as Exhibit B is Defendant DHIA's response.

14. The unreasonable refusal by Defendant DHIA to grant relief upon demand is a separate violation of Mass. Gen. L. ch. 93A, §9(3), thereby entitling plaintiff to an award of damages, doubled or trebled, plus attorneys' fees, costs, and expenses.

15. Plaintiff Gregory Celko hereby respectfully requests judgment in his favor and against DHIA for all injury, harm, and damages recoverable in this action and the companion action and/or recognized by the applicable laws, plus double or treble damages, attorneys' fees, expenses, and costs, plus prejudgment and post judgment interest.

WHEREFORE, Plaintiff requests judgment in his favor and an award of damages, multiple damages, attorneys' fees, costs, interest and all other relief that this Court deems just.

Plaintiff,
GREGORY CELKO
By his Attorneys,

*/s/ Kevin G. Kenneally*

Kevin G. Kenneally, BBO No. 550050
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: 8/2/04
00850996.DOC

3