UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY CELKO,  )<br>    Plaintiff  )<br>  )<br>v.  )<br>  )<br>DAEWOO HEAVY INDUSTRIES  )<br>AMERICAN CORPORATION  )<br>AND NATIONSRENT, INC.,  )<br>    Defendants  )<br>  ) | CIVIL ACTION NO.: 03-40029-NMG |

### NOTICE OF TAKING DEPOSITION

To: Thomas B. Farrey, III, Esq.  
    Burns & Farrey  
    446 Main Street  
    Worcester, MA 01608

Christopher P. Flanagan, Esq.  
Wilson Elser Moskowitz Edelman &  
  Dicker, LLP  
155 Federal Street  
Boston, MA 02110

Stephen J. Brown, Esq.  
250 Commercial Street  
Worcester, MA 01608

PLEASE TAKE NOTICE that at 10:00 a.m. on August 3, 4 and 5, 2004, at the offices of Donovan Hatem LLP, Two Seaport Lane, Boston, MA 02210, Attorney Kevin G. Kenneally, will take a Rule 30(B)(6) deposition upon oral examination of Daewoo Heavy Industries America Corporation, by the person(s) most knowledgeable about the topics listed on Schedule A, pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public, in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths.

The deponent shall bring the items identified on the attached Schedule B.

You are invited to attend and cross-examine.

        Plaintiff,
        GREGORY CELKO
        By his Attorneys,

        Kevin G. Kenneally, BBO No. 550050
        DONOVAN HATEM LLP
        Two Seaport Lane
        Boston, MA 02210
        (617) 406-4500

Dated: June 15, 2004
00838267.DOC

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON 6/15/04

## **SCHEDULE A**

Daewoo shall produce person(s) knowledgeable and duly authorized to testify in behalf of the corporation on the following topics:

1. The design, manufacture, sale, construction, parts, components, specifications, installation, integration, function, use, operation, maintenance, inspection and repair of the Daewoo excavator models (not limited to the involved excavation) of the type involved in the incident alleged in plaintiff's complaint.

2. The design, manufacture, sale, integration and use of the hydraulic system, parts, safety devices, and components, including but not limited to the hydraulic line or hose on excavator type (not limited to the involved excavator) involved in the incident alleged in plaintiff's complaint.

3. The design, manufacture, offer for sale, sale, and post-sale dealings between Daewoo and NationsRent concerning all excavators of the type involved in the subject incident, including the excavator that injured Mr. Celko.

4. The identity of the supplier, manufacturer, designer, seller, vendor of the hydraulic component(s) involved in the incident alleged in plaintiff's complaint.

5. All documents that are or concern specifications, tolerances, design parameters, functions or installation of the involved hydraulic hoses, lines or main lines that Daewoo or others acting in its behalf provided to its component suppliers.

6. The incident alleged in plaintiff's complaint.

7. The cause of the incident alleged in plaintiff's complaint.

8. The OSHA investigation and any and all state, federal or local governmental investigations concerning the subject incident.

9. Any and all communications by Daewoo and/or its parents, subsidiaries or related entities or their attorneys, to or from hydraulic hose, lines or components supplier(s), vendor(s), manufacturer(s), designer(s) that are or in any way discuss or pertain to warranty breaches, claims, indemnification, product malfunction or failures, product replacements, breaking of any hydraulic lines on any excavator of the type involved in the incident alleged in plaintiff's complaint, including but not limited to the subject excavator, from 1997 to the present.

10. All sales documents, warranties, brochures, operation manuals, operators manuals, maintenance or service manuals, parts lists, repair documents, and other items concerning the type of excavator involved in the incident alleged in plaintiff's complaint.

11. All product complaints, failures, warranty claims, suits, actions, investigations or other inquiries that in any way concern a hydraulic hose or line on any Daewoo excavator, from 1997 to the present.

12. All communications between NationsRent and Daewoo, or its parents, subsidiaries, related entities, or their attorneys, concerning hydraulic hose or line malfunction, break, or failure, warranty claims, replacement or substitute parts, injuries or complaints that in any way involve hydraulics, hydraulic components, hoses, lines or other parts concerning any and all excavators from 1997 to the present.

13. All communications to dealers, owners, users, or purchasers of excavators that in any way inform them about the hydraulics, hydraulic components, hoses, lines or other parts, safety devices, hydraulic failures, or free-fall hazards, including but not limited to service bulletins, product bulletins, advisories, recalls, warnings, instructions, warranty notice, or other items, of whatever nature or description, from 1997 to the present.

14. All other product failures, accidents, injuries, or property damage arising from hydraulic hose or line failure or bucket or arm free-fall on any Daewoo excavator from 1997 to the present.

15. The identities and addresses of all persons who investigated the subject incident, the subject product, the hydraulics, and the hoses or lines on behalf of Daewoo.

16. The identities of all persons who inspected, looked at, photographed, videotaped or took digital images of the subject product, the hydraulics, and the hoses or lines on behalf of Daewoo.

17. The contents of all reports, including investigations, inspections, and product failure reports, concerning the subject excavator.

18. All hydraulic hose or line failures on Daewoo products from 1997 to the present.

19. The identity of all Daewoo employees or agents who spoke with NationsRent personnel after the incident alleged in plaintiff's complaint.

20. The identities of all Daewoo employees or agents who performed any work, installed or removed any parts, or who otherwise were physically present with the subject excavator before or after the incident alleged in plaintiff's complaint.

21. The identities of all Daewoo employees or agents involved in the design and specifications of the hydraulics, hoses, safety devices, and components thereof.

22. The Daewoo corporations or entities involved in the following activities:

    (a) design of the excavator and hydraulic components;

    (b) manufacture or purchase of hydraulic components;

    (c) assembly or integration of hydraulic components into excavators;

    (d) export or sale of excavators to the United States;

    (e) sales and service of excavators in the United States;

(f) warranty claims, product recalls, product service bulletins, product alerts, safety bulletins to users of Daewoo excavators in the United States;

(g) product liability claims in the United States;

(h) the decision concerning use or non-use of safety devices, failsafe hydraulics, or holding valves.

23. All databases, computer programs, lists, logs or other compilations of Daewoo product failures, complaints, accidents, including but not limited to hydraulics, hoses or lines, or bucket or arm free-fall incidents.

24. The identity of national product liability counsel for Daewoo who coordinates the defense, production of documents, databases, or computerized logs of Daewoo product failures, including but not limited to hydraulics, hoses, or lines (plaintiff does not seek any attorney-client privileged communications by this topic).

25. Other similar product failures, including all hydraulic line failures and all bucket or arm free-fall incidents, by date, excavator serial number, location, type of failure, type of injury or damage, warranty claim, part number, identity of component supplier, and resolution of issue.

26. All layers of insurance, excess insurance, umbrella insurance, reinsurance agreements, and the identities of all corporate persons or entities that are covered, including specifically each Daewoo entity that is insured under each insurance policy, including the name, place of incorporation, place of business, and function of each parent, subsidiaries and related entity insured under each insurance agreement, including the limits of each policy.

27. How the incident involving Mr. Celko occurred.

28. The availability, feasibility, use, non-use, design or engineering considerations, studies, meeting, testing, and other information from 1992 to the present that in any way pertains

to any device or method, whether mechanical or otherwise, to prevent the freefall of the excavator arm or bucket in the event of hydraulic failure, including but not limited to so-called control valves, holding valves, interlocks, failsafe valves, cylinder blocking devices, or other manner of preventing the equipment from falling, including all decision making about such devices.

29. The warnings on the 290 LC-V;

30. The instruction manual;

31. The parts manual;

32. The Daewoo brochures (including but not limited to EL 0016 (2000.12).

## **SCHEDULE B**

The Daewoo deponent(s) shall produce the following items and documents:

1. All warnings, instructions, labels, plaques, graphics, or other written information concerning the subject excavator.

2. All design drawings, engineering drawings, blueprints, schematics, graphics, parts lists, assembly drawings and all other items that refer or depict the hydraulic system for the bucket, arm and digging apparatus of the subject excavator.

3. All documents that in any way discuss hydraulic hose or line failure, its effects, hazards prevention, warnings, safety devices, including but not limited to studies, proposals, testing, complaints, accident reports, or reports concerning use or non-use of safety devices, whether mechanical or otherwise, to prevent free-fall of bucket and arm, such as holding valves, failsafe hydraulics or other items.

4. All documents that in any way discuss or refer to all other hydraulic hose failures or bucket or arm free-fall incidents on any model Daewoo excavator, from 1997 to the present.

5. All insurance policies that do or may afford coverage for this claim.

6. All witness statements.

7. The bill of sale, invoice, purchase order, title, purchase and sale, or other documentation that in any way concerns:

    a. Daewoo's purchase of the subject excavator from any other Daewoo entity;

    b. The sale of the subject excavator to NationsRent.

8. All documents concerning hydraulic hose "crimping" or other installation or manufacturing problems on any excavators known to Daewoo from 1997 to the present.

8

9. All documents that in any way reference design considerations concerning placement of hydraulic lines or hoses in protected areas such as inside the arm.

10. All design documents, specifications, orders, purchases, or other items concerning hydraulic lines or hoses.

11. All applicable industry or governmental standards concerning hydraulic hoses, including but not limited to SAE.

12. All documents that identify the supplier(s) or vendor(s) of hydraulic lines or hoses.

13. All documents that identify the person or entity who installed the hydraulic line or hose on the subject excavator and all persons or entities who serviced or repaired said hoses or lines up to present.

14. All reports or writings about the subject accident.

15. All documents that refer to communications between Daewoo and NationsRent concerning the subject accident.

16. All actions, lawsuits, complaints, demands, reports, or other writings that refer to all hydraulic hose or line failures or bucket or arm free-fall incidents, or any model excavator, from 1997 to the present.

17. All communications to or from any governmental entity concerning the subject incident and all other hydraulic hose or line failures or bucket or arm free-fall incidents from 1997 to the present.

18. Copies of all incident databases, logs, lists, compilations concerning excavator hydraulic hose or line failures or bucket or arm free-fall incidents, from 1997 to the present.

19. All internal or outside studies or reports concerning safety devices or design modifications to prevent free-fall in event of hydraulic failure.

9

20. All photographs of the involved excavator, its components, including but not limited to the hydraulics, hoses, lines, components, or assemblies.

21. The OSHA report concerning the subject incident.

22. All service bulletins, product advisories, product bulletins, warnings, instructions, warranty notices, or other communications of whatever nature, which concerning hydraulics, hydraulic failures, hose or line failures, bucket or arm free-fall hazards, or safety devices, including all written communications and any electronic communications via the dealer network site.

00838267.DOC