UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY CELKO,<br>      Plaintiff<br><br>v.<br><br>DAEWOO HEAVY INDUSTRIES<br>AMERICAN CORPORATION<br>AND NATIONSRENT, INC.,<br>      Defendants | CIVIL ACTION NO.: 03-40029-CBS |
| GREGORY CELKO,<br>      Plaintiff<br><br>v.<br><br>DAEWOO HEAVY INDUSTRIES<br>AMERICA CORP.,<br>      Defendant | CIVIL ACTION NO.: 04-40150-CBS |

**PLAINTIFF'S STATUS REPORT FOR
DECEMBER 27, 2004 STATUS CONFERENCE**

      In advance of the December 27, 2004 Status Conference, Plaintiff Gregory Celko hereby submits his Status Report and attempts to address the questions raised by the Court for consideration at the Conference.

BACKGROUND

      These products liability and Mass. Gen. L. ch. 93A actions arise from a worksite accident wherein Gregory Celko was struck by the falling boom of an excavator manufactured and sold by Daewoo. The excavator suffered hydraulic failure when a hydraulic hose broke away from its fitting.

      Daewoo suffered a number of similar hydraulic hose failures and issued a recall of certain hydraulic hoses. For some reason, the owner and users of the subject excavator

were not alerted to the manufacturing defects or otherwise warned about the hazard. Separately, Daewoo was fully aware of foreseeable hydraulic failures and developed – as an "option" device – a lock valve on its boom and arm assemblies to prevent injury to construction workers below. Plaintiff has been trying to determine how buyer and users were made aware about the need and availability of the "option" (and the absence of the safety device on the subject product) but Daewoo claims to have no information about its offering.

On June 15, 2004, Plaintiff noticed the depositions of Daewoo corporate representatives, and to produce documents, to take place on August 3, 4, and 5, 2004. As those dates approached, Daewoo informed Plaintiff it was not available, but would search for documents.

Plaintiff re-noticed the testimony to take place on December 1 and 2, 2004. Those dates also were not convenient to Daewoo. Plaintiff offered the date of December 16, 2004 for the deposition of Gregory Celko. As the date approached, Daewoo's counsel became engaged in a trial and the deposition did not occur.

In the interim, Daewoo has indicated that it has no additional documents "concerning this excavator" in the U.S., although Plaintiff seeks sales and design documents concerning all lines of excavators, the safety device option generally, and the hydraulic hose recall, retrofit, notice/bulletin process generally. Also, Plaintiff requested the sales documentation concerning the subject product – which is redacted to conceal all relevant information – but Daewoo refused unless a confidentiality agreement as to price, etc. was executed. Plaintiff agreed to sign a proposed confidentiality stipulation (although disputing that it is appropriate) in the hope of obtaining needed evidence. The

proposed confidentiality agreement has not yet been tendered and Plaintiff has not obtained the needed evidence.

In the interim, Plaintiff has diligently attempted to prepare his case. The deposition of NationsRent's Mr. Buzzell was accomplished on September 21, 2004, within the time provided by this Court. Plaintiff learned details from NationsRent about the hose recall and related issues and diligently has endeavored to obtain follow-up discovery from Daewoo on these matters, without success.

At all times, all counsel have been cordial and all parties are represented by busy, able attorneys with hectic trial schedules. To the extent discovery has been delayed or frustrated, Plaintiff does not contend that Daewoo or any party is guilty of dilatory conduct. Nonetheless, Plaintiff stresses that he has endeavored diligently and in good faith to take and complete needed discovery. Plaintiff respectfully requests that this Court permit him ample opportunity to prepare his cases for trial.

## QUESTIONS RAISED BY COURT

Plaintiff hereby responds to questions raised by this Court:

1. The impact, if any, of the bankruptcy proceeding on the cross-claims:

    - Plaintiff has no position.

2. Whether, if NationsRent remains a party to this litigation, its motions should be granted:

    - Plaintiff has no position.

3. Whether modifications to the existing Scheduling Order are appropriate:

    - Plaintiff timely filed C.A. No. 04-40150 on September 24, 2004. This action – if it had not been consolidated – would have entitled Plaintiff to a new Scheduling Order that would permit him to conduct and complete his discovery. Separately, Plaintiff

attempted in good faith to complete his depositions within the deadline of November 30, 2004. Plaintiff should not be penalized for Daewoo's non-compliance. Plaintiff needs to conduct and complete the basic fact, documentary, and testimonial discovery before the expert witness disclosure deadline, which is currently January 31, 2005.

Plaintiff respectfully suggests that modification of certain existing deadlines is appropriate and can be accomplished without change to the expected final disposition date for this action. Plaintiff respectfully proposes that the District Court Order:

(a) that mediation, if it is to occur, take place on or before February 18, 2005;

(b) that all depositions of Daewoo and document production by Daewoo be ordered to occur by April 1, 2005; and

(c) that exchange of Rule 26 expert disclosures take place on April 29, 2005. Plaintiff believes that other deadlines likely will not need to be modified.

To the extent necessary, Plaintiff can provide additional information, correspondence, and e-mail communications which will evidence efforts to accomplish discovery in this matter.

Plaintiff,

GREGORY CELKO
By his Attorneys,

/s/ Kevin G. Kenneally
Kevin G. Kenneally, BBO No. 550050
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: December 22, 2004
00884598.DOC