## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

GREGORY CELKO,
    Plaintiff,

vs.

DAEWOO HEAVY INDUSTRIES
AMERICAN CORPORATION,
    Defendant,
    Cross-claim Plaintiff/Defendant,

and

NATIONS RENT, INC.,
    Cross-claim Plaintiff/Defendant,

**CIVIL ACTION
NO. 03-40029-CBS**

**(Consolidated With Civil
Action No. 04-40150-CBS)**

**ORDER
February 22, 2005**

**SWARTWOOD, C.M.J.**

### I.  Background

This is a products liability case arising from a work site accident in which Plaintiff, Gregory Celko ("Mr. Celko"), was struck by the falling boom of an excavator manufactured and sold by Daewoo Heavy Industries American Corporation ("Daewoo").  The excavator boom allegedly fell because of a hydraulic failure.

On December 8, 2004, this case was referred to me, with consent of the parties, for all further proceedings in accordance with 28 U.S.C. §636(c)(Docket No. 38).  Prior to that Order of Reference, Judge Saylor had issued a Memorandum and Order, dated

December 8, 2004 (Docket No. 36), in which he raised certain questions concerning the status of this case. Two of those questions related to whether the fact that Nations Rent Inc. ("Nations Rent") had just recently emerged from bankruptcy would impact the cross-claims in this case in which Nations Rent is both a cross-claim Plaintiff and cross-claim Defendant. At a hearing on February 16, 2005, I was assured by counsel for Nations Rent that its prior bankruptcy proceeding would have no effect on the cross-claims in this case. Therefore, the cross-claims will proceed.

## II. Pending Motions

During a hearing held on February 16, 2005, I resolved the following motions as follows:

1. Motion To Extend Scheduling Order For Amendment Of Pleadings And Joinder Of Parties By Nations Rent, Inc. (Docket No. 27).

That motion is allowed. See infra for Amended Scheduling Order.

2. Motion To Amend Scheduling Order And For Rule 16 Conference By Gregory Celko (Docket No. 30).

That motion is allowed. See infra for Amended Scheduling Order.

3. Motion For Leave To File Third-Party Complaint By Nations Rent, Inc. (Docket No. 32).

That motion is allowed without opposition. The Clerk shall docket the Third-Party Complaint and the third-party Defendant

shall be required to adhere to the Amended Scheduling Order set forth in this Order.

    4.    Motion To Strike Cross-Claim Plaintiff, Daewoo Heavy Industries' Supplemental Answers To Interrogatories By Nations Rent, Inc. (Docket No. 40).

    This motion is denied without prejudice. In its supplemental answers to interrogatories, Daewoo states that it does not have the information or documents requested by Nations Rent and consequently, cannot produce that discovery. Therefore, I am denying this motion without prejudice. However, if as a result of further discovery in this case, it develops that some or all of these documents do in fact exist, then they shall be produced.

    5.    Motion For A Protective Order By Daewoo Heavy Industries American Corporation (Docket No. 43).

    Plaintiff and Nations Rent have scheduled 30(b)(6) depositions of Daewoo to be held in Boston and Daewoo seeks to have those depositions taken at its home office in Georgia. This motion is denied and the depositions of Daewoo personnel shall be held in Boston based on the following factors: counsel for each of the parties maintains an office in Boston; Daewoo does business throughout the United States and its employees travel throughout the United States in furtherance of that business, including sending an employee to Shrewsbury, Massachusetts to investigate the accident involved in this case; and from the pleadings, it appears that there have been some disagreements among counsel during the course of discovery and therefore, by requiring these depositions

3

to be held in Boston, this Court will be available to resolve any disputes which may arise during the course of these depositions.

### III.   Amended Scheduling Order

The Scheduling Order in this case is amended as follows:

1.   All written discovery shall be served by <u>March 4, 2005</u> and responses to that discovery shall be served by <u>April 4, 2005</u>;

2.   All depositions shall be held in Boston, unless otherwise agreed by the parties, and shall be completed by <u>April 15, 2005</u>;

3.   A status conference shall be held in this case on <u>April 27, 2005</u> at 2:00 p.m.,in Courtroom 1, Fifth Floor, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts;

4.   Plaintiff's experts shall be designated and reports served by <u>May 18, 2005</u> and those experts shall be deposed by <u>June 20, 2005</u>;

5.   Daewoo's experts shall be designated and reports served by <u>June 20, 2005</u> and those experts shall be deposed by <u>July 20, 2005</u>;

6.   Nations Rent's experts shall be designated and reports served by <u>July 20, 2005</u> and those experts deposed by <u>August 19, 2005</u>; and

4

7.    <u>Trial</u>.  This case shall be tried on <u>October 3, 2005</u>, at 9:00 a.m., in Courtroom 1, Fifth Floor, Donohue Federal Building, 595 Main Street, Worcester, Massachusetts.


/s/Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE