LEXSEE 1987 U.S. DIST. LEXIS 6235

**Frank Evans, Plaintiff v. Purolator Courier Corporation, Defendant**

No. CV486-398

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA, SAVANNAH DIVISION

1987 U.S. Dist. LEXIS 6235

**June 29, 1987, Decided and Filed**

**COUNSEL:** [*1]

W. Lamar Fields for Frank Evans.

Charles C. Murphy, Jr., for Purolator Courier Corporation.

**OPINIONBY:**

EDENFIELD

**OPINION:**

ORDER

HONORABLE B. AVANT EDENFIELD

On June 18, 1987, a status conference was held With regard to the case of Evans v. Purolator Courier Corporation. After a thorough discussion in which counsel for each party participated, the Court indicated that summary judgment for defendant was warranted. This Order memorializes the Court's determination.

Defendant Purolator employed the plaintiff for approximately four years, and then discharged him. Thereafter, plaintiff brought this lawsuit claiming wrongful discharge and breach of employment contract.

On June 10, 1987, this Court issued an Order granting defendant's motion for summary judgment. In that Order, the Court found that the evidence clearly established that the plaintiff was an employee at will and that, as a matter of well defined Georgia law, an employee at will may be discharged by his employer for any or no reason, regardless of the employer's motivation. Based on these findings, the Court concluded that plaintiff did not have a claim for wrongful discharge. Summary judgment was then entered, and the case dismissed. Evans [*2] v. Purolator Courier Corporation, No. CV486-398, slip op. (S.D. Ga. June 10, 1987).

On June 15, 1987, the Court issued a supplemental Order. This Order was issued in response to a motion by plaintiff for reconsideration of the Court's June 10 Order. Plaintiff maintained in his motion that the Court had disposed only of his claim of wrongful discharge and that there still remained a contractual claim to severance pay. The Court found that, upon review of the complaint and joint status report, it had indeed failed to address plaintiff's claim to severance pay and, possibly, even a second claim to reimbursement for travel expenses. Evans v. Purolator Courier Corporation, No. CV486-398, slip op. (S.D. Ga. June 15, 1987). n2 Consequently, the Court held that its prior Order (of June 10) was to be construed as granting summary judgment to defendant on plaintiff's wrongful discharge claim only, and that the Court would consider plaintiff's contractual claim(s) as yet unresolved. But, the Court also stated that it expected additional clarification from the plaintiff with respect to exactly what contractual claims he believed were due and the amount of damages he sought in reliance on [*3] these claims.

> n1 The Court noted in its June 15 Order that plaintiff had not clearly defined in his motion for reconsideration (which was in fact a letter that this Court construed as a motion for reconsideration) the claims, he believed to have been left unaddressed by the Court's June 10 Order. Plaintiff noted in his motion only that the Court had overlooked his claim for severance pay. The Court, however, acting sua sponte, noted that plaintiff had advanced a claim in the joint status report to travel expense reimbursement. Whether plaintiff intended to address both of these claims in his motion remains unclear. The Court notes, however, that this type of ambiguity is representative of the inconsistent manner of plaintiff's pleading throughout the case.

> n2 In addition, to addressing its own oversight with regard to plaintiff's alleged contractual right to certain benefits, the Court, in its June 15 Order,

also discussed the question of jurisdiction, noting that to the extent plaintiff might still have had a viable claim to severance pay or reimbursement for expenses, such claim(s) almost surely would not meet the $10,000 jurisdictional predicate pursuant to 28 U.S.C. § 1332 (a). Some discussion of this issue occurred at the status conference: however, neither that discussion nor an ultimate determination on this issue is relevant to the Court's Order herein.

[*4]

At the status conference, defendant Purolator specifically took objection with the manner in which plaintiff had introduced his alleged contractual rights to employment benefits. Counsel for the defendant took the position that the "contractual claims" had never before been made aware to the defendant, and that the plaintiff was in fact introducing new claims or shifting legal theories for relief as the case aged. In support of this assertion, counsel both presented evidence, gathered during discovery, and pointed to particular pleadings, which, together, provided ample proof that the plaintiff had been inventing new claims as the litigation progressed, either because his original claims had proved to be meritless, or, perhaps, because the creative urge moved him to conjure up additional claims. The Court finds defendant's argument compelling, and believes that plaintiff did indeed engage in indefensible post litem motam claim-making.

A careful reading of the original complaint indicates that plaintiff's original claim was for wrongful discharge only. Even a generous reading of the complaint reveals no assertion of contractual claims with respect to either severance pay or expense [*5] reimbursement.

Some five months after the original complaint was filed, plaintiff's deposition was taken by the defendant. At that time, plaintiff was asked to provide the claims upon which he sought relief. The plaintiff did not assert a contractual claim for severance pay. n3 Moreover, plaintiff specifically stated that his lawsuit did not include a claim for reimbursement of expenses. (Plaintiff's deposition at 107). In fact, the deposition in large part merely amplified plaintiff's original complaint and his claim of wrongful discharge. (See Plaintiff's deposition at 89, 90-94, 106-108). By virtue of information gathered during this deposition, the defendant, facing what it reasonably perceived to be a claim for wrongful discharge only, submitted its motion for summary judgment.

> n3 Plaintiff did respond, when specifically asked at the deposition whether he had received severance pay, that he had not. The fact remains, however, that plaintiff's lawsuit was based on wrongful discharge and that a "contractual" claim for severance pay was added only after chances for success with respect to the wrongful discharge claim appeared to be dwindling.

In plaintiff's response to defendant's [*6] motion for summary judgment, plaintiff addressed the issue of defendant's rights to terminate the plaintiff. Although not perfectly lucid in constructing his arguments, it seemed apparent that plaintiff focused solely on his claim of having been wrongfully discharged. n4 Although plaintiff mentioned severance pay and overtime and meal compensation, he did so almost in passing, and used these new assertions predominantly to bolster his claim of wrongful termination. n5 It was not until the parties submitted the joint status report that plaintiff clearly articulated a claim to reimbursement for travel expenses and a claim to being owed severance pay. n6

> n4 In defendant's reply to plaintiff's response to defendant's motion for summary judgment, defendant stated, "[b]ecause of the unclear nature of the arguments contained in Plaintiff's Brief, Purolator must speculate that the legal basis for his claim is that Purolator's internal Open Door Policy (Grievance Procedure) should be found to be a binding employment contract [and that] if Plaintiff invoked the Purolator internal grievance procedure, Purolator, in essence, immunized him from termination for his actions...." The Court believes that the defendant's characterization of plaintiff's response was fair and accurate. The response was indeed ambiguous, and a fair reading of it could lead to the conclusion that wrongful discharge, was the only legal allegation being made, and that plaintiff's allusions, in his response, to contractual claims were made only to support his contention that he had been wrongfully discharged.

[*7]

> n5 See id.

> n6 While plaintiff's claim to severance pay was at least mentioned in his response to defendant's motion for summary judgment, the same cannot be said about the travel expense claim which, if mentioned at all in the response brief, was cryptically characterized as "overtime and meal expense compensation." That the travel expense claim was asserted at all in the status report is curious in view of plaintiff's denial, at his deposition, that such a claim was even a part of the lawsuit.

At the status conference, counsel for Purolator indi-

cated that either the status report or plaintiff's motion for reconsideration should be characterized as an amended complaint inasmuch as either or both of these pleadings included claims never before asserted by plaintiff. Counsel then argued that the claims or, in essence, the amended complaint, should not be permitted both because plaintiff had not acted in a timely fashion in asserting the new claims and because defendant would suffer prejudice if the claims were allowed by the Court at such a late stage in the litigation.

*Federal Rules of Civil Procedure, Rule 15 (a)* places the granting of motions to amend within the sound [*8] discretion of a district court. *Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971): Foman v. Davis, 371 U.S. 178, 182 (1962); Loughan v. Firestone Tire and Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985).* Reasons that would support the denial of leave to amend include both a movant's undue delay, bad faith, or dilatory motive, and an opposing party's suffering prejudice as a result of the amendment. *Foman, supra.*

In the case sub judice, discovery was complete on April 1, 1987, six months after the case was originally filed. n7 Defendant filed its motion for summary judgment on April 21, 1987. The Court believes that plaintiff's failure to mention his alleged contractual rights to employment benefits until he filed a response to defendant's summary judgment motion, and plaintiff's failure to actually assert these claims until the submission of the joint status report amounts to undue delay. The Court further believes that to allow these claims at this time would be both unfair and unduly prejudicial to the defendant.

> n7 It should be noted that plaintiff failed to initiate or conduct any discovery. Of course, plaintiff's alleged contractual claims, if any existed, should have been apparent to him from the outset: discovery in this case might well have been of marginal utility. On the other hand, to the extent that discovery might have timely revealed the existence of viable alternative claims, plaintiff has only himself to blame for failing to utilize the discovery process.

[*9]

"The purpose of requiring, insofar as possible, the parties to define their claims and counterclaims at an early date is to allow them to assess, after discovery and research into the law, the merits of their positions and determine whether to settle the case or prosecute to trial." *Drexel Burnham Lambert, Inc. v. Edwards, 100 F.R.D. 422, 425 (N.D. Ga. 1983).* Even as late as the status conference itself, some eight months after the initial complaint was filed, plaintiff's counsel was attempting to advance not only the untimely claims considered in this Order, but also additional theories of recovery.

This case presented an uncomplicated factual scenario and involved a basic area of the law; thus, every potentially meritorious claim held by the plaintiff should have been identified by him from the very inception of the lawsuit. While this Court "must give a party a fair chance to present claims[,] ... [it] must [also] protect ... [itself] from being 'imposed upon by the presentation of theories seriatim.'" *Davis v. Payless Cashways, Inc., 661 F.2d 1022, 1025 (5th Cir. 1982)* (quoting *Gregory v. Mitchell, 634 F.2d 199 (5th Cir. 1981)).* For whatever reason, it appears [*10] that plaintiff has been neglectful, and "liberality of pleading does not bestow on a litigant ... [that] privilege." Davis, supra.

The Court has not been provided and cannot imagine a legitimate reason to allow plaintiff to assert his tardy claims. Plaintiff has been given ample time to advance all claims he believed available to him. To allow an amendment of the complaint at this point would require a reopening of discovery and/or impose on the defendant additional expense and burden that would have been unnecessary had plaintiff acted in a timely and declarative manner.

In view of the foregoing, plaintiff's only cause of action properly before the Court in this case was one for wrongful discharge. Summary judgment on that claim having already been entered on behalf of the defendant, it is hereby ORDERED this this case be DISMISSED.

SO ORDERED, this 29th day of June, 1987.