13 of 14 DOCUMENTS

**PARTLOW v. FRANK, Postmaster General, United States Postal Service Agency**

**No. 90-022-S**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE**

*1991 U.S. Dist. LEXIS 21690; 2 Am. Disabilities Cas. (BNA) 1141*

**July 23, 1991, Decided; November 19, 1991, Ordered**

**DISPOSITION:** [*1] Plaintiff's **motion** for permission to file an **amended complaint** is denied without prejudice.

**COUNSEL:** Raymond J. Kelly, Manchester, N.H., for plaintiff.

Gretchen L. Witt, Assistant U.S. Attorney for the District of New Hampshire, for defendant.

**JUDGES:** NORMAN H. STAHL, District Judge

**OPINIONBY:** NORMAN H. STAHL

**OPINION:**

In this civil action, Kenneth Partlow challenges a decision by the United States Postal Service ("USPS") not to hire him for a vehicle mechanic position because they found he was "medically unable" to do the work. Authority to review this claim is vested in this court by Title VII of the Civil Rights Act of 1964, *42 U.S.C. Section 2000*(e), et seq., and the Rehabilitation Act of 1973, *29 U.S.C. Sections 701-*796(i). On August 22, 1990, this Court denied motions for summary judgment filed by both parties.

Now before the Court is a "renewed" motion for summary judgment in which defendant again argues that plaintiff cannot pursue this claim because he failed to initiate a charge of discrimination within the thirty days required by 29 C.F.R. Section 1613.214(a)(1)(i). n1

------

n1 29 C.F.R. 1613.214(a), entitled "Time limits," states:

(1) An agency shall require that a complaint be submitted in writing by the complainant or representative and be signed by the Complainant. The complaint may be delivered in person or submitted by mail. The agency may accept the complaint for processing in accordance with this subpart only if:

(i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him/her to believe he/she had been discriminated against within 30 calendar days of the date of the alleged discriminatory event, the effective date of an alleged discriminatory personnel action, or the date that the aggrieved person knew or reasonably should have known of the event or personnel action.

[*2]

1. Background

The facts of this case have been set forth with particularity in this court's August 22, 1990, Order. Essential facts are summarized below.

On July 26, 1988, Plaintiff Kenneth J. Partlow was notified of his tentative selection by the USPS for the position of automotive mechanic at the Manchester, New Hampshire, Vehicle Maintenance Facility. His selection was subject to successful completion of a pre-employment road test and physical examination.

Plaintiff alleges that he was given a choice of dates to begin his employment. He chose "September 10, 1989 since he wished to give notice of termination to the Department of Defense (DOD) where he had been employed as an automotive mechanic since 1981." Complaint, Para.5. Plaintiff filled out a W-4 income tax form, was issued an identification badge, and was "notified that he had to take a physical examination as a condition of employment." Id. Para.6.

Plaintiff passed the road test but was informed that the examining physician had insufficient information

Case 4:04-cv-40150-CBS   Document 20-14   Filed 09/08/2005   Page 2 of 5

Page 2

1991 U.S. Dist. LEXIS 21690, *; 2 Am. Disabilities Cas. (BNA) 1141

upon which to base a conclusion concerning plaintiff's ability to perform the "essential functions" of the job and that a specialist's examination would be [*3] required.

Plaintiff received notification by letter dated August 30, 1988 that he had been found medically unable to perform the duties for which he had been hired. This letter also informed him of the automatic review of the decision by the Office of Personnel Management ("OPM").

On November 2, 1988, plaintiff received a letter from OPM concurring in the decision of the USPS for review of his medical records. In December 1988, the Disabled American Veterans ("DAV") filed on plaintiff's behalf a request for reconsideration of the OPM decision. The DAV mailed a copy of that request to the EEOC. Plaintiff asserts that OPM never responded to the request. On March 22, 1989, EEOC contacted plaintiff and informed him that the first step in pursuing the allegation of discrimination was to contact a counselor at the Postal Service within 30 days of the alleged discriminatory action. Plaintiff wrote to the EEOC counselor on March 27, 1989. EEOC dismissed his claim as untimely on May 5, 1989, for failure to bring the alleged discriminatory act to the attention of the EEO counselor within thirty days. See 29 C.F.R. Section 1613.214 (1989).

Plaintiff's appeal to the EEOC Office of Review [*4] and Appeals was denied on August 4, 1989. On September 3, 1989, plaintiff requested reconsideration by the Director of the Office of Review and Appeals at the EEOC. Plaintiff claimed he was not informed of the notification requirements at the time of the alleged discriminatory practices and he was otherwise unaware of them due to the requested review pending at OPM. The EEOC denied the request to reconsider in a decision dated December 8, 1989.

Plaintiff subsequently filed this lawsuit asking "that this court reverse the decision of the EEOC and allow Mr. Partlow's pre-complaint processing on March 27, 1988 as timely, by extending the filing date and for such other and further relief as may be equitable and just." Complaint (final paragraph).

2. Discussion

Defendant moves for summary judgments asserting that plaintiff's failure to contact an EEO counselor within 30 days of the alleged discriminatory act bars his claim.

29 C.F.R. Section 1613.214(a)(1)(i) authorizes the EEOC to accept a complaint alleging discrimination if the complainant brings it to the attention of an EEO counselor within thirty days of the alleged discriminatory act. Citing *Delaware State College* [*5] *v. Ricks, 449 U.S. 250, 259-260 [24 Fair Empl. Prac. Cas. (BNA) 827, 66 L. Ed. 2d 431, 101 S. Ct. 498]* (1980), defendant argues that the thirty day period began to run on August 30, 1988, the date plaintiff was informed by the USPS that he was "medically unsuitable to perform the duties of automotive mechanic." Memorandum in Support of Defendant's Renewed Motion for Summary Judgment, at 7. Plaintiff disagrees, arguing first that the limitation period could only have begun to run when he received notice of the final administrative decision (not the "tentative" decision provided on August 30, 1988), and second that the thirty-day limitations period should be equitably tolled. Because the court agrees with plaintiff that the period should be tolled, it is not necessary to determine when the discriminatory act occurred.

a. Equitable Tolling

Defendant argues that the 30-day limitation period should not be tolled in this case since plaintiff received, at the very least, constructive notice of the requirement that he bring his claim to an EEO counselor within 30 days after the alleged discriminatory act. The Court does not agree.

1. As an initial matter, the Court notes that neither the Supreme Court nor the First Circuit [*6] Court of Appeals has addressed the precise issue raised here; that is, whether the 30-day limitation period required by administrative regulation is subject to equitable tolling. But it is now settled that principles of equitable tolling apply to Title VII limitation periods. See *Irwin v. Veterans Admin., 498 U.S. 89, 111 S. Ct. 453 [54 Fair Empl. Prac. Cas. (BNA) 577, 112 L. Ed. 2d 435]* (1990) ("the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States"); *Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 [28 Fair Empl. Prac. Cas. (BNA) 1, 71 L. Ed. 2d 234, 102 S. Ct. 1127]* (1982) (filing a timely charge with the EEOC is a requirement "subject to waiver, estoppel, and equitable tolling"). A limitation period may be equitably tolled

> [where] a claimant has received inadequate notice, or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or where the court has led the plaintiff to believe that she had done everything required of her, . . . [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.

*Baldwin County Welcome Center v. Brown,* [*7] *466 U.S. 147, 151 [34 Fair Empl. Prac. Cas. (BNA) 929, 80 L. Ed. 2d 196, 104 S. Ct. 1723]* (1984) (quoted in *Lavery v. Marsh, 918 F.2d 1022, 1027 [54 Fair Empl. Prac. Cas. (BNA) 1402]* (1st Cir. 1990)) See also *Soto v. United States Postal Service, 905 F.2d 537, 540-541 [53 Fair Empl. Prac. Cas. (BNA) 1162]* (1st Cir. 1990); *Rys*

Page 3

1991 U.S. Dist. LEXIS 21690, *; 2 Am. Disabilities Cas. (BNA) 1141

*v. United States Postal Service, 886 F.2d 443, 446 [53 Fair Empl. Prac. Cas. (BNA) 322]* (1st Cir. 1989)). In addition, "to find succor in equity, a Title VII plaintiff must have diligently pursued her claims." *Rys, supra, at 446.*

A review of the record persuades the Court that, although apparently misdirected, Kenneth Partlow diligently pursued his claim. If, then, his failure to timely notify the EEO counselor was caused by inadequate notice, court misdirection, or affirmative misconduct by the USPS, or if the limitation expired while a motion for appointment of counsel was pending, tolling might be available.

In this case, there is no claim related to appointment of counsel or misinformation from the court or affirmative misconduct on the part of the defendant. If the 30-day period can be tolled, then, it will be because plaintiff received inadequate notice of the appropriate procedures.

2. Two forms of notice of the 30-day limitation were provided [*8] plaintiff in this case. First, posters placed conspicuously on bulletin boards in the various offices visited by plaintiff during his interviews plainly explained that any claims of discrimination would have to be brought to the attention of an EEO counselor within thirty days. It must be remembered, however, that plaintiff did not work in these buildings. The record reveals only that he passed through them during the interview process. Moreover, plaintiff states, "I did not see in the Vehicle Maintenance Facility at Manchester, any EEOC posters which indicated that I only had thirty days to file a complaint." Partlow affidavit Para.6. This court finds it unreasonable to assume under these circumstances that the posters could have adequately notified plaintiff that he was obliged to bring his claim to an EEO counselor.

3. The second notice was provided in a packet plaintiff received during his interview. Plaintiff acknowledges receiving the packet and the notice, but explains that he didn't understand its significance.

That's what it was, a whole bunch of papers including the W-4 form. I didn't believe, to be honest with you, that it pertained to me. As far as I was concerned, [*9] I was, you know, hired. I do not resign a job to take a job, you know, unless I'm sure I have the job.

So I know I did have to go to the physical, you know, that normally I wouldn't have even had to because I could have laterally transferred from DOD to the post office, and I'm not on all the paperwork. Q. I understand, Mr. Partlow, but you did

receive Exhibit 1. It was handed to you when you went to the postal office. A. With a stack of papers, yes. Q. And you signed it? A. I'm sure I did.

Partlow deposition, at pp. 43-44. Apparently, what plaintiff signed was the "top sheet" of the packet. See Top Sheet signed by plaintiff on September 8, 1988 (attached to defendant's exhibit A). That sheet had a space which allowed him to place a check next to three documents. Plaintiff checked the space next to the item called "Equal Employment Opportunity Program" letter, thus certifying that he received that document on September 8, 1988.

It is indisputable that plaintiff received the above-referenced document. But this Court does not find receipt of that document dispositive under these circumstances. Application of the tolling doctrine implicated here must be based on [*10] "equitable concerns of fairness to claimants." *Irwin, supra, 111 S. Ct. at 460* (White, J. concurring). The essence of the doctrine "is that a statute of limitations does not run against a plaintiff who is unaware of his cause of action." *Cerbone v. Intern. Ladies' Garment Workers' Union, 768 F.2d 45, 48 [38 Fair Empl. Prac. Cas. (BNA) 801]* (2nd Cir. 1985) (quoting *Long v. Abbott Mortgage Corp., 459 F. Supp. 108, 113 (D. Conn. 1978))*. Tolling is applied in appropriate circumstances "as a matter of fairness." *Cerbone, supra, at 49.* As stated in *Miller v. Intern. Tel. & Tel. Corp., 755 F.2d 20, 24 [37 Fair Empl. Prac. Cas. (BNA) 8]* (2nd Cir. 1985),

[Title VII] time periods commence upon the employer's commission of the discriminatory act and are not tolled or delayed pending the employee's realization that the conduct was discriminatory unless the employee was actively misled by his employer, he was prevented in some extraordinary way from exercising his rights, or he asserted his rights in the wrong forum, in which event tolling of the time bar might be permitted as a matter of fairness.

(Emphasis supplied.)

Although this judicial circuit, "hew [s] to a 'narrow view' of equitable exceptions to Title VII [*11] limitations periods," *Mack v. Great Atlantic and Pacific Tea Co., 871 F.2d 179, 185 [50 Fair Empl. Prac. Cas. (BNA) 971]* (1st Cir. 1989), the exception can still be applied where justice so requires. Under the circumstances presented here, the Court finds an equitable exception appropriate. Simply put, it seems unfair to find this claim time-barred on the basis of one paragraph found in a two-page document incorporated into a large informational packet. It is especially unfair where, as in this case, the applicant reasonably understood that he had gotten the job, and where, as here, he was later told both by an advocate for the Disabled American Veterans and a USPS official that his appeal of the decision that he was not medically capable of performing the work would be

Case 4:04-cv-40150-CBS   Document 20-14   Filed 09/08/2005   Page 4 of 5

Page 4
1991 U.S. Dist. LEXIS 21690, *; 2 Am. Disabilities Cas. (BNA) 1141

directed automatically to the Office of Personnel Management.

The Court recognizes that other courts have ruled differently under similar circumstances. See *Fleischhaker v. Adams, 481 F. Supp. 285, 292 [26 Fair Empl. Prac. Cas. (BNA) 1455]* (D.D.C. 1979) (no equitable tolling if plaintiff "knew or should have known of the time limitation"); *Connolly v. United States Postal Service, 579 F. Supp. 305, 308 [35 Fair Empl. Prac. Cas. (BNA) 1771]* (D. Mass. 1984) (only [*12] "objective notice" of the 30-day limitation period by posting is necessary). But the Court finds those cases unpersuasive for two reasons. First, neither case cites any law to support those propositions. Second, other circumstances present in those cases suggested that it would not be unfair to find those claims time-barred. In *Fleischhaker, supra, at 292,* the court stated that plaintiff had admitted "awareness of the complaint procedure." And in *Connolly, supra, at 308* n.*, the court rejected as "immaterial" the plaintiff's assertion of equitable tolling because "[t]he success of plaintiff's tolling argument is contingent on this Court finding that plaintiff received notice of his termination on March 4, 1982, and not at an earlier date. The Court has found, however, that the plaintiff had notice of his removal no later than June 1981." The equities in both Fleischhaker and Connolly suggested that tolling was inappropriate.

The Court does not find the decision in *Bailey v. Tisch, 683 F. Supp. 652 [1 American Disabilities Cas. (BNA) 1243]* (S.D.Ohio 1988), substantially distinguishable on its facts from the case presented here. However, in this court's view, that part of the Bailey decision that concerned [*13] equitable tolling does not suggest that it was in any way "fair" to dispose of the case because plaintiff had not timely brought his complaint to the EEO counselor. This Court finds it significant that Bailey was decided only after a review of all the facts at trial. It is also significant to note that the Bailey court, after concluding that the complaint was time-barred, stated: "While the foregoing is dispositive, the Court believes that the merits of plaintiff's complaint should be considered." *Id. at 656.* Bailey does not, then, require that this Court mechanically apply the 30-day limitation period in this case.

In this case, plaintiff received the document containing notice of procedures for challenging discrimination at the time he was told that he had been conditionally hired by the USPS. Relying on advice from an advocate for the Disabled American Veterans and Rosemary Dana at the USPS, plaintiff pursued an appeal through the Office of Personnel Management. As stated by plaintiff, "Mrs. Dana did not mention my rights under the EEOC laws nor did she recommend that I present my problem to EEO at that time." May 24, 1990, affidavit at Para.8a.

Shortly after receiving notice [*14] that he should pursue a claim with his EEO counselor, plaintiff did so, only to be told that it was too late. Under these circumstances, application of the 30-day period to bar plaintiff's claim would, in this Court's view, operate more as a trap for the unwary than as a reasonable and fair limitation on Title VII's waiver of sovereign immunity.

The Court finds that equity requires tolling the limitation period until March 22, 1989, the date plaintiff received notice from the EEOC of the requirement that he bring his claim to an EEO counselor. Since plaintiff contacted the EEO counselor on March 27, 1989, the Court holds that his complaint was timely initiated.

3. Conclusion

Accordingly, defendant's renewed motion for summary judgment (document no. 13) is denied. Because the Count finds no issue of material fact pertinent to the equitable tolling question, and because the Court concludes that plaintiff is entitled to equitable tolling of the administrative limitation period, summary judgment on that issue is granted to the plaintiff.

Plaintiff has not made clear, however, what remedy he seeks from this court. Plaintiff is directed to file a memorandum of law by August [*15] 2, 1991, explaining whether he seeks a remand, trial, or some other remedy. Plaintiff's memorandum shall identify the legal authority upon which plaintiff relies to support that relief. Defendant will have until August 16, 1991, to file a memorandum identifying its position with regard to the relief requested.

In the alternative, the Court encourages the parties to file a joint memorandum if they are able to reach agreement on the appropriate remedy. The joint memorandum will be considered if filed by August 2, 1991.

SO ORDERED.

ORDER

In this civil action, plaintiff Kenneth Partlow challenges a decision by the United States Postal Service ("USPS") not to hire him for a vehicle mechanic position because he was found to be "medically unable" to do the work. Authority to review this claim is grounded upon Title VII of the Civil Rights Act of 1964, *42 U.S.C. 2000*(e), et seq., and the Rehabilitation Act of 1973, *29 U.S.C. Section 701* et seq. Currently before the Court is plaintiff's **motion** for permission to file an **amended complaint.**

4. In his **motion,** plaintiff indicates that he wishes to file an **amended complaint** "incorporating this Court's findings on exhaustion [*16] of administrative remedies and his claim for placement to his job [sic] as

1991 U.S. Dist. LEXIS 21690, *; 2 Am. Disabilities Cas. (BNA) 1141

automotive mechanic at the Manchester, New Hampshire, vehicle maintenance facility and all the rights and remedies **provided** to him by statute." **Plaintiff's** Motion at 2. However, **plaintiff** has not **provided** either the Court or opposing counsel with a copy of his **proposed amended complaint.**

Though *Rule 15(a), Fed. R. Civ. P.* directs that leave to amend a complaint should be "freely given," "common sense dictates that . . . a copy of the proposed **amendment complaint**" should accompany the **motion.** See *Bownes v. City of Gary, Indiana, 112 F.R.D. 424, 425 (N.D. Ind. 1986).* Where a party fails to attach a copy of the proposed amended complaint, a court may deny the party's motion without prejudice. See *id. at 426.*

Here, opposing counsel has no means to determine whether it objects to the proposed amended complaint, nor can the Court properly evaluate its propriety. Accordingly, plaintiff's **motion** for permission to file an **amended complaint** [document no. 20] is denied without prejudice. **Plaintiff** is free, however, to file a renewed motion to amend, **provided** that such motion be filed within fifteen days of [*17] the issuance of this Order and includes a **proposed amended complaint.** Defendant shall then be entitled to respond to any such **motion** in accordance with the relevant procedural rules.

SO ORDERED.