UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GREGORY CELKO,<br>　　　　Plaintiff<br><br>v.<br><br>DOOSAN INFRACORE<br>AMERICA CORPORATION, a<br>subsidiary of Doosan Infracore Co.,<br>Ltd. (Korea), formerly known as<br>DAEWOO HEAVY INDUSTRIES<br>AMERICA CORPORATION, a<br>Subsidiary of Daewoo Heavy<br>Industries & Machinery Ltd. (Korea),<br>　　　　Defendant | ) ) ) )<br>) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.: 03-40029-CBS |
| GREGORY CELKO,<br>　　　　Plaintiff<br><br>v.<br><br>DOOSAN INFRACORE<br>AMERICA CORPORATION, a<br>subsidiary of Doosan Infracore Co.,<br>Ltd. (Korea), formerly known as<br>DAEWOO HEAVY INDUSTRIES<br>AMERICA CORPORATION, a<br>Subsidiary of Daewoo Heavy<br>Industries & Machinery Ltd. (Korea),<br>　　　　Defendant | ) ) )<br><br>) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.: 04-40150-CBS |

**REPLY BRIEF BY PLAINTIFF GREGORY CELKO
TO OPPOSITION TO MOTION TO AMEND COMPLAINT
(AND REQUEST FOR APPROPRIATE RELIEF)**

Plaintiff Gregory Celko hereby seeks leave to file this response to the opposition to the motion to amend the complaint. The arguments set out by Defendant are wholly wrong, but even if there were a scintilla of merit, any prejudice was due to Daewoo's own failure to turn over discoverable material back in 2003 when it was legally obliged to do so. Daewoo, as usual, plays fast and loose and its plea must be rejected.

The amendments do not seek to add new parties, but merely seek to <u>accurately</u> identify the Defendant as a wholly-owned subsidiary of the identified foreign entity which controls this action.[1] Correctly pleading facts as to corporate status does not add a new party or in any way implicate L.R. 15.1, as Doosan/Daewoo contends.

Separately, as set out below, Defendant's litigation strategy and misconduct led to its decision not to pursue "Chun Ji Rubber hoses via Letters Rogatory in time to defend" the claim. Opposition, at p. 10. Daewoo knew since 2001 that the recalled Chun Ji hoses also caused Mr. Celko's accident, <u>see</u>, Ex. A, yet instead of settling and pursuing indemnification from its supplier, Daewoo sought to deceive Celko and suppress the notes. <u>Macauley v. Anas</u>, 321 F.3d 45, 51 (1st Cir. 2003) (where litigant "had ample time to conduct discovery" but failed to do so, no relief for its non-compliance). The <u>Macauley</u> principles are even more apt when the untimely disclosed discovery was in the regularly kept files at Defendant's U.S. headquarters.

Plaintiff will not address each other argument and will not, again, rehash Doosan's/Daewoo's demonstrated and intentional discovery misconduct and its misrepresentations to this Court in written filings and at argument which have characterized the

---

[1] Indeed, Defendant successfully evaded discovery of important evidence for 3 years by inaccurately claiming that the documents were in Korea, in custody of an unrelated corporation. It is anticipated that Defendant will make similar inaccurate statements to the jury.

2

defense of this matter, for they are of record. Compare, Daewoo's February 3, 2005 court filing

("DHIA cannot provide identifying information for the component nor can it state the cause of

the plaintiff's accident") with Ex. A. Nonetheless, it is necessary to respond to baseless

allegations that Celko was not diligent in trying to unearth the evidence in this action and that

purported "undue delay by the plaintiff" has "prejudiced" Doosan/Daewoo. See, Opposition, at

p. 6. Defendant successfully dissembled and hid the existence of essential discoverable evidence

during the original discovery period set by the Court (Gorton, U.S.D.J. Original counsel of

record for Plaintiff, Mr. Brown, diligently endeavored to obtain discovery and realized that the

sharp New York-style practice was going to prevent him from obtaining needed discovery.

Thus, the attorney enlisted the undersigned law firm – which has experience with litigation

involving large international conglomerates and staffing able to deal with Daewoo's tactics – to

act as co-counsel.

Despite months of written, oral, and electronic requests, cajoling, and L.R. 37.

communications about defendant's refusal to comply with discovery, defendant still failed to

produce any of the important documents pertaining to the subject hose failure and the recall as all

applicable disclosure periods elapsed. In fact, Defendant by its lawyers repeatedly and falsely

denied the existence of the documents. If their word had been accepted as truth, Defendant

would have successfully perpetrated a fraud on Mr. Celko and this Court. Instead, Celko

diligently and repeatedly demanded the documents in the face of false denials and only obtained

some of them,[2] after the intervention of this Court, and after depositions wherein Daewoo

---

[2] Celko has requested the additional withheld materials and is making independent efforts to locate the evidence which he will use at trial. Nonetheless, Celko intends to proceed to trial as scheduled despite successful foot-dragging and non-compliance by Defendant.

employees were forced to describe the precise file drawers in which important evidence was kept. Moreover, Daewoo employees testified that many of these items were provided to New York counsel at the outset of this litigation, yet they were suppressed and the existence denied to Celko.

The exceptionally high degree of diligence exercised by Celko and the need to demand that Daewoo simply open its (and its New York lawyers') file drawers have never been necessary in other similar litigation the undersigned has been involved with. If the Court sides with Daewoo's opposition, Defendant's cheating will be rewarded.

Nor is Celko guilty of any "undue delay." It was Daewoo and New York counsel who successfully hid or refused to look at the attached November 8, 2000 reports and handwritten notes – which immediately after the injury identified the OEM hose and that it was manufactured by Chun Ji. These were not provided to Celko **until March 24, 2005**. Thereafter, defendant also refused to supplement its corporate disclosure to identify the new corporate owner of Daewoo and only did so after Celko was forced to initiate motion practice. Celko did not ever delay but has been forced to expend tens of thousands of dollars of attorney time to unearth the simple facts which Daewoo concealed and that establish that Daewoo knew within two weeks of the accident that the defective hose was original equipment (OEM) and part of a recall campaign. See, Exhibit A.

Most brazenly, defendant seeks to invoke the March 31, 2004 deadline for amendments to pleadings although they successfully concealed the necessary information for another full year after that date. Defendant failed to adhere to any of this Court's deadlines and sought to "run out the clock" on Celko to illegitimately suppress evidence and to defraud Celko of his day in court

and his right to marshal and introduce true evidence. These unconscionable litigation tactics should not be condoned. This Court has plenary authority to allow amendment at any time, even after entry of judgment. Fed. R. Civ. P. 15(c). This motion is not tardy but is necessary to avoid injustice.

Indeed, this Court should take appropriate measures, including sanctions, to address misconduct, especially where a litigant's own wrongdoing and failure to adhere to the rules and to this Court's Orders are now used as a sword to frustrate Celko's rights in this action.

Plaintiff,
GREGORY CELKO
By his Attorneys,

Kevin G. Kenneally, BBO No. 550050
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617) 406-4500

Dated: 9/9/05
00943788.DOC

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON 9/9/05

5

# EXHIBIT A

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

## FACSIMILE

155 Federal Street
Boston, Massachusetts 02110

Telephone #:   (617) 422-5300
Facsimile #:   (617) 423-6917

The following facsimile has __34__ pages including this cover page. If you have any difficulty, or if the transmission was incomplete, please advise: (617) 422-5300.

| | | | |
|---|---|---|---|
| Company: | Donovan Harem LLP | Date: | March 24, 2005 |
| Department: | | From: | Christopher P. Flanagan  Ext. 5406 |
| | | | |
| Attention: | Kevin G. Kenneally | Attorney #: | 5404 |
| Facsimile #: | 617-406-4501 | File #: | 04681.00037 |
| Telephone #: | 617-406-4500 | Re: | Celko v. Daewoo, et al. |

## COMMENTS:

Please see attached.

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us via postal service. Thank you.

New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore
Miami • Chicago • White Plains, NY • Dallas • Albany, NY • San Diego • Houston • Garden City, NY
Boston • McLean, VA • Stamford • London
Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich

35984.1

Hynes
EXHIBIT NO. 7
FOR IDENTIFICATION
DATE: 3/25/05  RPTR: KW

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

155 Federal Street, Boston, Massachusetts 02110   Tel: (617) 422-5300   Fax: (617) 423-6917

*New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago • White Plains, NY
Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • McLean, VA • Stamford • London
Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich*

—

www.wemed.com

Christopher P. Flanagan
Writer's Ext.: 5-406
FlanaganC@wemed.com

March 24, 2005

<u>VIA FACSIMILE AND REGULAR MAIL</u>

Kevin Kenneally, Esq.
Donovan Hatem
Two Seaport Lane
Boston, MA 02210

Re:    <u>Gregory Celko v. Daewoo Heavy Industries American Corporation, et al</u>
        U. S. District Court, C.A. No.: 03-40029-NMG

Dear Mr. Kenneally:

Enclosed please find the following documents produced in supplementation of Daewoo Heavy Industries America Corporation's Responses to Plaintiff's Requests for Production of Documents:

Additional investigation documents including, typed (one page), handwritten (five pages) notes, photocopies of photographs (six photographs on two pages); and

2.   Warranty claim documents for the hose rework campaign (24 pages).

If you should have any questions, please do not hesitate to contact me. Thank you.

Very truly yours,

Christopher P. Flanagan

Enclosures

cc:    Stephen J. Brown, Esq.
        Thomas B. Farrey, III, Esq.

35961.1

**DAEWOO**

2905 Shawnee Industrial Way
Suwanee, GA 30024

DAEWOO HEAVY IND.
RE: S-290-5  S/N/840
HOURS___1350.8

NOV. 8, 2000

MACHINE DELIVERY DATE ___ _____JUNE 6, 1999

NAME OF HOSE MAKER____    CHUN JI  RUBBER

NUMBER& NAME ON HOSE FITTING END____NO NAME:- C J ? B09,---?
COULD BE EITHER, B OR 3 NOT CLEAR ON HOSE

MEASUREMENT OF FITTING

INSIDE DIAMETER              1.510

SMALL INSIDE TUBE DIAMETER              .742   THIS PIECE IS TAPPERED

OUTSIDE DIAMETER       1.674  AT TIGHTEST CRIMP

MAIN HYDRAULIC PRESSURE_____336 BAR,   RESET TO 330-332

OVERLOAD PRESSURE       361 – 362  BAR

CONDITIONS UNDER WHICH MACHINE WAS WORKING- MACHINE WAS
USED TO INSTALL TRENCH BOX TO INSTALL PIPE, AND TO BACK FILL

ATTATCHMENTS ON MACHINE         BUCKET

OVERALL CONDITION OF MACHINE         GOOD

COPY OF POLICE REPORT      NOT AVAILABLE FOR 3-5 DAYS



16.5

CHUU JI RUBBER
CSVR O5 — VALVB
e59 B09 — PIPE

PARKER
NO SKIVE
77C-16

WP 27,5 MPA

4000 PSI MSHA -40/19

SAE 100R12-16  25MM

1 X 45  EN 856/P  2/25/5-2000

SAE 100 R 13

H131-16

1" X 45

WP 353 K

9 & 518

1350.8 HOURS

PILOT  40

MAIN  336  — RGSCX 33. 332

PRESS -UP  348

CIRCUIT  361-362

PARKER - DIPIMER

Parts Issue

1) Could not get radiator

Pin for bucket on boom arm — n/a out of stock.

Bucket cyl. n/a — he thought 2-3 wks deli time.

Parts for S. Portland — axle —
Explained that wrong parts either
numbered or put away incorrectly —

CJ B05   C/VALVE END                    RON CARLSON
                                          EXCV.

HOSE    ~~NO FRAME~~  CHUN JI RUBBER

        HOSE
            SKIVED AREA 1.7" BACK
            DIAM = 1.525 - HOSE              ? FITTING #
                                        CJ 9,3 B0F
                                          BON SONG

ENV - DAEWOO TAG                              INSIDE
                                               1.510
                        .319

                     TAG AREA                    .742
                                               TAPPERED
                      # -1.620
1.680
                                                        TH
         APROX                                           1.11
         .800
      TO MACHINE

1.671   .4              1.795
MIDDLE
AREA
CHIMLEY MOST
                                         .62 55
1.614           1.786

BUCKET

EXTi GROUND - FITTING   CJ8³C05  - DOTH

CROWD    CJ 83 J10    DITH
??

AEROQUIP
GH 506 ~16  DN 25    EN856/4SH/25/ 9098

PARKER   NO SKIVE   781/16

WP 34.5 mPA  5600 PSI

SAE 100 R 13 ~16   25mm  (1) X 46 A -1999

Anm

EXTEND

5000 PSI  N/N SKIVE  781 ~16  mf

CROWD

PARKER

SAME

NEED FOUR ROLEIMS FOR
WEO NUUL
~~GLUE FITLY~~
-THURS MNN
~~THUR ASR~~ ✓
MISC.

FITTING
(1) C 5 9 C O Y
?

CJ 8 C 8

(2) KBO56
~~CHUL~~ (1) 1157116
CRIMT 1.672
1.725 AT CJ
CHUN (2) 51 1.723
1.725
(2) PARKER
1.695
1.694

**EXHIBIT B**

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 E. 42nd Street, New York, New York 10017
Tel:(212) 490-3000  Fax:(212) 490-3038

*Albany ● Baltimore ● Boston ● Chicago ● Dallas ● Garden City ● Houston ● Las Vegas ● London ● Los Angeles ● McLean*
*Miami ● Newark ● New York ● Philadelphia ● San Diego ● San Francisco ● Stamford ● Washington, DC ● White Plains*
*Affiliates: Berlin ● Cologne ● Frankfurt ● Munich ● Paris*

*www.wemed.com*

September 9, 2005

**VIA E-MAIL AND REGULAR MAIL**

Kevin Kenneally, Esq.
Donovan Hatem
Two Seaport Lane
Boston, MA 02210

> Re:    Gregory Celko v. Daewoo Heavy Industries American Corporation, et al
> U. S. District Court, C.A. No.: 03-40029-CBS
>
> Gregory Celko v. Daewoo Heavy Industries America Corporation
> U.S. District Court, Civil Action No.: 04-40150-CBS

Mr. Kenneally:

In order to process the invoice from Carroll Engineers, Inc., the invoice must be billed to "Doosan Infracore America Corp." Please have Carroll Engineers, Inc. re-issue the invoice as soon as possible so that payment can be made immediately.

If you should have any questions, please do not hesitate to contact me.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Michael H. Bai

cc:    *By E-Mail Only*
Christopher P. Flanagan, Esq.

2023283.

Ex B