UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY CELKO,<br>    Plaintiff,<br><br>v.<br><br>DAEWOO HEAVY INDUSTRIES AMERICAN CORPORATION and NATIONS RENT, INC.<br>    Defendants | CIVIL ACTION NO. 03-40029-CBS |
| GREGORY CELKO,<br>    Plaintiff,<br><br>v.<br><br>DAEWOO HEAVY INDUSTRIES AMERICA CORPORATION,<br>    Defendant | CIVIL ACTION NO.: 04-40150-CBS |

**DEFENDANT, DAEWOO HEAVY INDUSTRIES AMERICA
CORPORATION'S PRE-TRIAL MEMORANDUM**

**I. CONCISE SUMMARY OF EVIDENCE**

The defendant expects the evidence to demonstrate that the hydraulic hose, which is alleged to have failed and caused a loss of hydraulic pressure in the boom arm, which eventually swung down and struck the plaintiff while he was in a shoring pit, was not defective, and the defendant was not negligent with regard to the sale of the subject excavator. The defendant expects the evidence to demonstrate that the cause of the hose separation from the coupling cannot be scientifically determined based upon available evidence. Since the hydraulic hose is no longer available, any opinion testimony that the subject hose was defective is unreliable. No party will be able to proffer evidence that the defendant knew or had reason to know that the subject excavator or the hydraulic hose was defective in any manner prior to the accident. The

43439.2

defendant expects the evidence to demonstrate that the absence of a lock valve on the subject excavator does not render the subject excavator defective.

The defendant disputes the nature and extent of the plaintiff's alleged injuries, disability, loss of earnings and permanency. Specifically, the defendant expects the evidence to demonstrate that the plaintiff's alleged loss of earnings is significantly less than claimed.

## II.   FACTS ESTABLISHED BY PLEADINGS OR STIPULATIONS

On October 26, 2000, the plaintiff, Gregory Celko, was working as a laborer for R.E. Carlson, the general contractor on a project at Shannon Woods Development in Shrewsbury, Massachusetts. Plaintiff was working in a shoring pit beneath a Daewoo Solar 290LC-V Excavator (Serial No. 0840).

The excavator was sold by the defendant to Logan Equipment, NationsRent's predecessor-in-interest, and leased by the cross-claim defendant, NationsRent, Inc. to R.E. Carlson.

## III.   CONTESTED ISSUES OF FACT

1. See I. Concise Summary of Evidence, above.

2. The defendant disputes any claim that the Daewoo Solar 290LC-V Excavator (Serial No. 0840) and any of its components are and were defective.

3. The defendant disputes that there is any defect in the subject excavator that is causally related to plaintiff's injury. It is the defendant's contention that the subject excavator was properly designed and manufactured and met all applicable United States standards.

43439.2

4. There are no prior similar accidents where it has been claimed that a defect in a hydraulic hose because of improper crimping caused the boom arm to lose hydraulic pressure and strike an individual.

5. There is no standard or regulation mandating lock valves on similar excavators sold in the United States at the time the subject excavator was manufactured or sold.

6. There is no evidence that the hydraulic hose on the subject excavator at the time of the plaintiff's accident was defective in manufacture or design.

7. The hydraulic hose on the subject excavator at the time of the plaintiff's accident was not involved in any recall or retrofit.

8. The plaintiff was improperly working inside a shoring pit at the time of the accident in violation of standards and regulations.

9. Improper maintenance and service of the subject excavator may have contributed to the plaintiff's accident and injuries.

10. The entity sued in this lawsuit was "Daewoo Heavy Industries American Corporation" [sic]. At no time did plaintiff join in Daewoo Heavy Industries & Machinery Ltd. or Doosan Infracore Co., Ltd.

11. "Daewoo Heavy Industries American Corporation" [sic] is not a part of the Daewoo Group and is not a *chaebol* (or conglomerate).

12. "Daewoo Heavy Industries American Corporation" [sic] is a New York corporation. Daewoo Heavy Industries & Machinery Ltd. was a Korean corporation. "Daewoo Heavy Industries American Corporation" [sic] is a subsidiary of Daewoo Heavy Industries & Machinery Ltd.

13. The plaintiff's damages are excessive.

43439.2

14. The plaintiff's economic loss is not as extensive as claimed.

15. The plaintiff's limitations and injuries are not as severe as contended.

The defendant respectfully reserves its right to supplement this pre-trial memorandum since neither the plaintiff nor NationsRent have submitted any such memorandum.

**IV.     JURISDICTIONAL QUESTIONS**

While there are no jurisdictional disputes concerning Doosan Infracore America Corp., formerly known as Daewoo Heavy Industries America Corp., the plaintiff has attempted to interject the names of its former and current parent companies into this lawsuit. Since neither Daewoo Heavy Industries & Machinery Ltd. nor Doosan Infracore Co., Ltd. were ever named as a party, sued or served, Doosan Infracore America Corp., formerly known as Daewoo Heavy Industries America Corp. objects to plaintiff's attempt to interject them into this lawsuit. The Court does not have jurisdiction over these entities.

**V.      QUESTIONS RAISED BY PENDING MOTIONS**

1. Whether the plaintiff may amend his Complaint more than 15 months after having knowledge of a recall of unassociated hoses and less than a month from trial to allege a negligent recall cause of action?

2. Whether the plaintiff may amend his Complaint to name the defendant's parent company in the caption and in the body of the pleadings more two and a half years after first initiating this lawsuit, after the expiration of the statute of limitations and after failing to ever serve the parent corporation?

3. The defendant expects to file numerous motions in limine and a motion to preclude Dyer Carroll after plaintiff finally produces Mr. Carroll on September 30, 2005, over 3 months after his deposition was requested. Accordingly, the defendant expects to

supplement this section, but is unable to do so based upon the plaintiff's failure to timely produce Mr. Carroll in accordance with the Court's scheduling order.

## VI. ISSUES OF LAW

The defendant expects to file numerous motions in limine and a motion to preclude Dyer. Carroll after plaintiff finally produces Mr. Carroll on September 30, 2005, over 3 months after his deposition was requested. Accordingly, the defendant expects to supplement this section, but is unable to do so based upon plaintiff's failure to timely produce Mr. Carroll in accordance with the Court's scheduling order.

## VII. REQUESTED AMENDMENTS TO THE PLEADINGS

The plaintiff has moved to amend his complaints to correctly identify the defendant corporation, to add defendants, and to add a new cause of action. The defendant does not oppose the motions to the extent that the plaintiff seeks to correctly identify the defendant corporation as "Doosan Infracore America Corp., formerly known as Daewoo Heavy Industries America Corp." The defendant opposes the plaintiff's motions with respect to the adding of defendants and a new cause of action. The defendant respectfully refers this Honorable Court to the defendant's opposition to said motions.

## VIII. ADDITIONAL MATTERS IN AID OF DISPOSITION OF THE ACTION

The defendant intends to file motions *in limine* in accordance with the schedule set forth by this Honorable Court at the final pre-trial conference. The defendant informs the Court that a motion to preclude all or part of the testimony of the plaintiff's expert witness, Dyer Carroll, will be among the motions *in limine* filed. Due to delays that were out of counsel's control, Mr. Carroll's deposition has not yet been conducted and is presently scheduled for September 30,

2005. The defendant intends to file the motion *in limine* with respect to Mr. Carroll as soon as practicable after the deposition.

The defendant also intends to seek leave from the Court to depose the plaintiff's employers regarding his earnings given the late disclosure of tax and wage documentation.[1] If the plaintiff intends to make a loss of earnings claim, which is unknown as of the submission of this memorandum, based on the late disclosure of extremely limited documentation, the defendant asserts that a deposition of the plaintiff's employers is now necessary.

### IX. PROBABLE LENGTH OF THE TRIAL

The defendant anticipates that the probable length of trial, assuming trial by jury, is five to seven days.

### X. WITNESSES

The defendant intends to call the following witnesses at the trial of this matter:

1. Monroe Davis
   Doosan Infracore America Corporation
   2905 Shawnee Industrial Way
   Suwanee, Georgia 30024
   (770) 831-2243

2. Patrick Hynes
   Doosan Infracore America Corporation
   2905 Shawnee Industrial Way
   Suwanee, Georgia 30024
   (770) 831-2242

---

[1] The plaintiff's wage and tax documentation were requested by the defendant in its requests for production of documents to the plaintiff, which were served on or about April 29, 2004, but not produced by the plaintiff in his response, which was finally received on or about February 17, 2005, after a lengthy delay. In fact, the plaintiff did not produce any documents with his response to requests for production. As a result of testimony given by the plaintiff at deposition, which revealed the existence of wage and tax documents, the defendant made a request for the same and receive six pages of documents on or about August 17, 2005.

    3.   Frank Schwalje
        Affiliated Engineering Laboratories, Inc.
        1101 Amboy Avenue
        Edison, NJ 08837-2856
        (732) 225-0360

The defendant does not intend to present any witness testimony by deposition at this time. However, neither the plaintiff nor NationsRent have served a pre-trial memorandum, and therefore, the defendant is unable to determine at this time whether it will need to present any testimony by deposition. The defendant reserves the right to call any witnesses listed by the plaintiff or NationsRent, Inc. The defendant also reserves the right to supplement this list upon receipt of plaintiff's and NationsRent's witness disclosures. The defendant also reserves the right to supplement this section, including, but not limited to, omission of any of the witnesses identified above.

**XI.   PROPOSED EXHIBITS**

The defendant proposes the introduction of the following exhibits at the trial of this matter:

1. Photographs of the subject excavator;

2. Photographs of the subject hose;

3. Photographs of the coupling to the subject hose;

4. Daewoo Solar 290LC-V Excavator Shop Manual;

5. Daewoo Solar 290LC-V Excavator Operations and Maintenance Manual;

6. Daewoo Solar 290LC-V Excavator Parts Manual;

7. Daewoo Heavy Industries America Corporation's investigation documents, including DMC Field Service Report (one page), typewritten notes (one page) and handwritten notes (five pages);

8. NationsRent, Inc's service records for the subject excavator (produced as Exhibit G to NationsRent's responses to requests for production of documents).

9. 29 C.F.R. 1926 and other applicable regulations;

43439.2

10. All applicable industry standards;

11. All *curriculum vitae* and all references in the *curriculum vitae*;

12. All expert disclosures and all references in the disclosures;

13. All expert reports and all references in the reports.

The defendant reserves the right to supplement this list upon receipt of plaintiff's and NationsRent's submission of proposed exhibits.

The defendant also reserves the right to object to proposed exhibits of the plaintiff and NationsRent.

**XII.   OBJECTIONS TO EVIDENCE**

Neither the plaintiff nor NationsRent has identified the evidence that they intends to introduce at the trial of this matter. The defendant reserves the right to supplement this section of the memorandum upon receipt of the plaintiff's and NationsRent's proposed evidence.

Respectfully Submitted,

Daewoo Heavy Industries America Corporation,

By its attorneys,

  /s/  Christopher P. Flanagan_____
Maynard M. Kirpalani, BBO# 273940
Christopher P. Flanagan, BBO# 567075
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

  /s/  Michael H. Bai (cpf)_____
Michael H. Bai, *Pro Hac Vice Admission*
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10021

Dated: September 9, 2005          (212) 490-3000

43439.2